**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749<br><br>(Joint Administration Requested) |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE AS OF THE PETITION DATE, (II) AUTHORIZING THE ABANDONMENT OF ANY REMAINING PERSONAL PROPERTY LOCATED AT THE CLOSED RESTAURANTS, AND (III) GRANTING RELATED RELIEF**

**THE LEASES THAT THE DEBTORS SEEK TO REJECT AND THE PARTIES THERETO ARE LISTED IN EXHIBIT 1 TO THE PROPOSED ORDER ATTACHED HERETO AS EXHIBIT A AND INCORPORATED HERE. PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR LEASES ON EXHIBIT 1.**

Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") hereby move (the "**Motion**") the United States Bankruptcy Court for the District of Delaware (the "**Court**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 105(a), 362, 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Local Rules

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) authorizing the Debtors to reject the unexpired leases of nonresidential real property listed on Exhibit 1 to the Proposed Order (collectively, the "**Rejected Leases**"), effective as of the Petition Date; (ii) authorizing the Debtors to abandon any personal property remaining at the premises subject to the Rejected Leases (the "**Premises**"), effective as of the date of rejection of the applicable Rejected Lease; and (iii) granting related relief. In support of the Motion, the Debtors rely on the *Declaration of David Goronkin in Support of Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**") filed substantially concurrently herewith. In further support of the Motion, the Debtors respectfully represent as follows:

## I. JURISDICTION

1. The Court has jurisdiction over these Cases and the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these Cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the Court's entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 362, 365(a), and 554(a) of the Bankruptcy Code, Bankruptcy Rules 6006 and 6007, and Local Rule 9013-1.

## II. BACKGROUND

4. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") in these Cases. Concurrently herewith, the Debtors filed a motion seeking joint administration of the Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. The Debtors operate sixty-one (61) Outback Steakhouse® restaurants in California, Arizona, Colorado, Nevada, and New Mexico as franchisees of Outback Steakhouse of Florida, LLC (the "**Franchisor**"), an affiliate of Bloomin' Brands, Inc. ("**Bloomin'**"). Goldman Sachs Specialty Lending Group, L.P. is the administrative and collateral agent (the "**Prepetition Agent**") under the Debtors' prepetition secured credit facility. The Debtors commenced these Cases to pursue a sale of substantially all of their assets under section 363 of the Bankruptcy Code.

6. Additional information about the Debtors' business, capital structure, and the circumstances leading to these Cases is set forth in the First Day Declaration.[2]

## III. THE CLOSED RESTAURANTS AND THE REJECTED LEASES

7. Before the Petition Date, the Debtors, with the assistance of their advisors, evaluated the performance of each of their restaurants. The Debtors identified ten (10) restaurants (the "**Closed Restaurants**") that operated at a loss or at margins that did not justify

[2] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

their occupancy costs, and that are not among the restaurants to be acquired under the asset purchase agreement with the proposed stalking horse bidder. The Closed Restaurants are located in Arizona, California, Colorado, and Nevada, and each is leased by one of the Debtors under one of the Rejected Leases. The aggregate base rent under the Rejected Leases is approximately $164,000 per month.

8. The Debtors ceased operations at the Closed Restaurants between October 11 and October 25, 2026. Before the Petition Date, the Debtors (i) transferred usable food, beverage, and supply inventory and certain equipment to their other restaurants; (ii) removed books, records, and devices containing customer or employee information; (iii) paid or will pay final wages and accrued paid time off owed to separated employees as required by applicable law; and (iv) coordinated with the Franchisor regarding the removal of the Franchisor's trademarks and trade dress from the Premises. On October 29, 2026, with the consent of the Franchisor, the Debtors sent to each landlord under the Rejected Leases (each, a "**Landlord**"), by overnight courier with a copy by e-mail, a letter (each, a "**Surrender Letter**") unequivocally surrendering possession of the applicable Premises effective as of October 30, 2026, together with the keys and alarm codes. The Debtors are serving this Motion on each Landlord on the Petition Date as notice of their intent to reject the applicable Rejected Lease effective as of the Petition Date.

9. Rejection of the Rejected Leases will relieve the Debtors' estates of approximately $2.0 million per year in base rent, plus common area maintenance charges, real property taxes, insurance, and other charges, for premises the Debtors no longer use. Absent rejection, those obligations could be asserted as administrative expenses under section 365(d)(3) of the Bankruptcy Code. After consultation with their advisors and careful consideration of the best interests of the estates, the Debtors have determined that the Rejected Leases have no

marketable value to the estates that would justify the cost of continuing to perform under them while marketing them.

10. Certain of the Rejected Leases are guaranteed. The leases for the Closed Restaurants at Tucson, Arizona; Mesa, Arizona; Colorado Springs, Colorado; Highlands Ranch, Colorado; and Reno, Nevada are guaranteed by Cerca Trova Restaurant Group Holdings, Inc., and the lease for the Closed Restaurant at Aurora, Colorado, under which an affiliate of Bloomin' is the landlord, is guaranteed by Bloomin'. This Motion does not seek any determination as to the amount or allowance of any claim arising from the rejection of any Rejected Lease or under any guaranty, and all rights are reserved, including under section 502(b)(6) of the Bankruptcy Code.

## IV. THE REMAINING PROPERTY

11. Certain furniture, fixtures, equipment, and other personal property of the Debtors remain at the Premises (the "**Remaining Property**"). The Remaining Property consists principally of kitchen equipment, furniture, and fixtures that are attached to the Premises, costly to remove and store, and of little resale value. The Debtors have determined that the cost of removing, storing, and marketing the Remaining Property would exceed any value it would bring. The Debtors therefore request authority to abandon the Remaining Property, effective as of the date of rejection of the applicable Rejected Lease, and to permit the Landlords to use or dispose of it without notice or liability to the Debtors or any consenting third party. The Remaining Property does not include (i) property owned by third parties, including equipment leased to the Debtors, which the owners may retrieve in accordance with applicable agreements, (ii) any books, records, or devices containing personally identifiable information, which the Debtors have removed, or (iii) any hazardous or toxic materials stored or abandoned in violation

of state or federal law. *See Midlantic Nat'l Bank v. N.J. Dep't of Env't Prot.*, 474 U.S. 494, 507 (1986).

## V. RELIEF REQUESTED

12. By this Motion, the Debtors request entry of the Proposed Order (i) authorizing the Debtors to reject the Rejected Leases, effective as of the Petition Date; (ii) authorizing the Debtors to abandon the Remaining Property, effective as of the date of rejection of the applicable Rejected Lease, and permitting the Landlords to use or dispose of the Remaining Property without notice or liability to the Debtors or any consenting third party; (iii) providing that no Landlord may set off, recoup, or otherwise use any security deposit held under a Rejected Lease without further order of the Court; (iv) requiring any person or entity that holds a claim arising from the rejection of a Rejected Lease to file a proof of claim by the later of (a) any general claims bar date established in these Cases and (b) thirty (30) days after the later of entry of the Proposed Order and the effective date of rejection of the applicable Rejected Lease; and (v) granting related relief.

## VI. BASIS FOR RELIEF

### A. Rejection of the Rejected Leases Is a Sound Exercise of the Debtors' Business Judgment

13. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Rejection permits a debtor to relieve its estate of burdensome obligations that can impede reorganization. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984). Courts apply the business judgment standard to a debtor's decision to reject a lease. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989); *In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). Under

that standard, a debtor's decision to reject "must be summarily affirmed unless it is the product of bad faith, or whim, or caprice." *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (internal quotation marks omitted).

14. Before the Petition Date, the Debtors, in consultation with their advisors, determined that the Closed Restaurants could not be operated at margins that justify marketing them or occupying them during a marketing process. The Debtors no longer operate at the Premises, the Closed Restaurants are not part of the proposed sale, and the Rejected Leases impose substantial ongoing costs without any corresponding benefit to the estates. Rejection is a sound exercise of the Debtors' business judgment.

**B. Rejection Effective as of the Petition Date Is Appropriate**

15. Section 365 of the Bankruptcy Code does not prohibit the Court from authorizing rejection effective as of a date before entry of the order approving it. A bankruptcy court may, in its equitable discretion, approve rejection retroactively where the balance of the equities favors that relief. *See Thinking Machs. Corp. v. Mellon Fin. Servs. Corp.* (*In re Thinking Machs. Corp.*), 67 F.3d 1021, 1028–29 (1st Cir. 1995); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004); *In re CCI Wireless, LLC*, 297 B.R. 133, 138–40 (D. Colo. 2003). Courts in this District have approved rejection effective as of the petition date where the debtor surrendered the premises and unequivocally communicated its intent to reject before or on the petition date. *See, e.g.*, *In re Avenger Flight Grp., LLC*, No. 26-10183 (MFW) (Bankr. D. Del. Mar. 6, 2026) [Docket No. 125]; *In re Pinstripes Holdings, Inc.*, No. 25-11677 (KBO) (Bankr. D. Del. Oct. 2, 2025) [Docket No. 137].

16. The equities favor rejection effective as of the Petition Date. The Debtors closed the Closed Restaurants and, effective October 30, 2026, with the Franchisor's consent, surrendered possession of the Premises, delivered the keys and alarm codes, and by this Motion,

are notifying each Landlord of their intent to reject. The Debtors are serving this Motion on each Landlord and its counsel, if known, by electronic mail on the Petition Date and by first-class mail, postage prepaid, and the Debtors will not seek to withdraw this Motion as to any Rejected Lease. The Landlords are free to relet the Premises immediately. Without retroactive relief, the estates could incur administrative expenses for premises from which they derive no benefit.

**C. Abandonment of the Remaining Property Is Appropriate**

17. Section 554(a) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The Remaining Property is of inconsequential value relative to the cost of removing and storing it, and retaining it would only delay the Landlords' ability to relet the Premises. The Debtors also request, to the extent the automatic stay applies, that it be modified under section 362(d) of the Bankruptcy Code to permit the Landlords to use or dispose of the Remaining Property.

**D. Compliance with Bankruptcy Rule 6006(f)**

18. Bankruptcy Rule 6006(f) sets forth requirements for a motion to reject multiple unexpired leases that are not between the same parties, including that the motion state in a conspicuous place that the parties' names and their contracts or leases are listed in the motion, list the parties alphabetically and identify the corresponding lease, be numbered consecutively with other omnibus motions, and be limited to no more than 100 leases. Fed. R. Bankr. P. 6006(f). This Motion complies with those requirements. Because this Motion seeks only rejection, the requirements applicable to omnibus motions to assume or assign do not apply, and this Motion is the Debtors' first omnibus motion to reject unexpired leases.

**E. Waiver of Any Applicable Stay**

19. The Debtors also request that the Court waive the stay imposed by Bankruptcy Rule 6004(h), to the extent applicable, so that the rejection and abandonment authorized by the Proposed Order take effect immediately and the Landlords may relet the Premises without delay.

## VII. RESERVATION OF RIGHTS

20. Nothing in the Proposed Order or this Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates, including any claim arising from the rejection of a Rejected Lease or under any guaranty, or (iii) shall be construed as a promise to pay a claim. The Debtors reserve all rights to contend that any Rejected Lease expired or was terminated before the Petition Date, or is not a lease.

## VIII. NOTICE

21. The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) the Prepetition Agent and its counsel; (iv) the Franchisor and DIP Lender and their counsel; (v) the Landlords and, if known, their counsel, by electronic mail on the Petition Date and by first-class mail, postage prepaid; (vi) any party known to the Debtors to assert an interest in the Remaining Property; and (vii) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## IX. CONCLUSION

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that this Court enter the Proposed Order, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: November 2, 2026
Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

/s/ *Bradford J. Sandler*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
pkeane@pszjlaw.com

-and-

KTBS LAW LLP
Michael L. Tuchin (*pro hac vice* admission pending)
Nir Maoz (*pro hac vice* admission pending)
1801 Century Park East, Twenty-Sixth Floor
Los Angeles, California 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090
Email: mtuchin@ktbslaw.com
nmaoz@ktbslaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*