**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 5** |

**ORDER APPOINTING**
**STRETTO, INC. AS CLAIMS AND NOTICING AGENT**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order appointing Stretto, Inc. ("**Stretto**") as claims and noticing agent ("**Claims and Noticing Agent**") pursuant to 28 U.S.C. § 156(c), section 105(a) of the Bankruptcy Code, and Local Rule 2002-1(e) to, among other things, (a) distribute required notices to parties in interest, (b) receive, maintain, docket, and otherwise administer the proofs of claim filed in the Cases, and (c) provide such other administrative services, as required by the Debtors, that would fall within the purview of services to be provided by the Clerk's office, all as more fully set forth in the Application; and upon the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012, and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court having authority to enter a final

1 The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

2 Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates and their creditors; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein. Notwithstanding the terms of the Services Agreement attached as <u>Exhibit A</u> to the Application, the Services Agreement is approved solely as set forth in this Order.

2. The Debtors are authorized to appoint and retain Stretto as Claims and Noticing Agent effective as of the Petition Date under the terms of the Services Agreement, and Stretto is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in the Cases (if any), and all related tasks, all as described in the Application.

3. Stretto shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in the Cases (if any) and is authorized and directed to maintain official claims registers for each of the Debtors, to provide public access to

every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Stretto is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

5. Stretto is authorized to take such other action to comply with all duties set forth in the Application.

6. The Debtors are authorized to compensate Stretto in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses. Stretto shall provide ten (10) business days' notice of any increase in its rates to the Debtors, the U.S. Trustee, and any statutory committee appointed in the Cases, and will file such notice with the Court.

7. Stretto shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred. With respect to services provided prior to the effective date of a chapter 11 plan in, or the conversion or dismissal of, the Cases, Stretto shall serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for the Prepetition Agent, counsel for the DIP Lender, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Services Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved.

9. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto under this Order shall be an administrative expense of the Debtors' estates.

10. Stretto may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and, thereafter, Stretto may hold its advance under the Services Agreement during the Cases as security for the payment of fees and expenses incurred under the Services Agreement.

11. The Debtors shall indemnify Stretto under the terms of the Services Agreement, as modified pursuant to this Order.

12. Stretto shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

13. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense that: (a) results from Stretto's gross negligence, willful misconduct, fraud, bad faith, or self-dealing; (b) results from Stretto's breach of the Services Agreement; or (c) settled prior to a judicial determination under (a) or (b), but determined by the Court, after notice and a hearing, to be a claim or expense for which Stretto should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order.

14. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Cases (that order having become a final order no longer subject to appeal), (b) the entry of an order converting the Cases to cases under chapter 7 of the Bankruptcy Code, or (c) the entry of an order closing the Cases, Stretto believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Services Agreement (as modified by this Order), including the advancement of defense costs, Stretto must file an application therefor in the Court, and the Debtors may not pay any such amounts to Stretto before the entry of an order by the Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Stretto for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Stretto. All parties in interest shall retain the right to object to any demand by Stretto for indemnification, contribution, or reimbursement.

15. The limitation of liability section in paragraph 10 of the Services Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

16. In the event Stretto is unable to provide the services set out in this Order, Stretto will immediately notify the Clerk and the Debtors' counsel and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

17. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Stretto but is not specifically authorized by this Order.

18. The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

19. Notwithstanding any term in the Services Agreement to the contrary (including with regard to paragraphs 15 and 16 of the Services Agreement), the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

20. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22. Stretto shall not cease providing claims processing services during the Cases for any reason, including nonpayment, without an order of the Court.

23. In the event of any inconsistency between the Services Agreement, the Application, and this Order, this Order shall govern.

24. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: November 4th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**