**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 7** |

**INTERIM ORDER (I) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, (IV) AUTHORIZING THE DEBTORS TO CONTINUE PAYING THE UTILITY CONSOLIDATOR, (V) AUTHORIZING BANKS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") for entry of an interim order, pursuant to sections 105(a), 363(c), and 366 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) approving the Debtors' Proposed Adequate Assurance of payment for future Utility Services, (ii) prohibiting the Utility Companies from altering, refusing, or discontinuing services, (iii) approving the Adequate

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Assurance Procedures, (iv) authorizing the Debtors to continue paying the Utility Consolidator, (v) authorizing the Banks to honor and process related checks and transfers, and (vi) granting related relief; and upon consideration of the First Day Declaration; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. A final hearing (the "**Final Hearing**") to consider entry of a final order (the "**Final Order**") on the Motion is scheduled for November 23, 2026 at 2:00 p.m. (prevailing Eastern Time) before the Court. Any objections or responses to entry of the Final Order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on November 16, 2026, and shall be served upon (i) proposed counsel to the Debtors, (a) KTBS Law LLP, 1801 Century Park East, Twenty-Sixth Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin (mtuchin@ktbslaw.com) and Nir Maoz (nmaoz@ktbslaw.com), and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-

8705 (Courier: 19801), Attn: Bradford J. Sandler (bsandler@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com); (ii) counsel to the Prepetition Agent, (a) Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603, Attn: Danielle Juhle (danielle.juhle@goldbergkohn.com) and Drake Saffell (drake.saffell@goldbergkohn.com), and (b) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: John H. Knight (knight@rlf.com); (iii) counsel to the Franchisor and DIP Lender, BakerHostetler LLP, 127 Public Square, Suite 2000, Cleveland, Ohio 44114, Attn: Michael VanNiel (mvanniel@bakerlaw.com) and Alexis Beachdell (abeachdell@bakerlaw.com); (iv) counsel to any statutory committee appointed in these Cases; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda J. Casey (linda.casey@usdoj.gov) (collectively, the "**Notice Parties**"). If no objections to entry of the Final Order are timely received, the Court may enter the Final Order without further notice or hearing.

3. The Debtors shall serve a copy of the Motion and this Order on each Utility Company listed on the Utility Services List no later than two (2) business days after the date this Order is entered.

4. The Proposed Adequate Assurance constitutes adequate assurance of payment for purposes of section 366 of the Bankruptcy Code on an interim basis.

5. Within twenty (20) days after entry of this Order, the Debtors shall deposit $372,900 (the "**Adequate Assurance Deposit**") into a segregated, interest-bearing account at a bank that has entered into a Uniform Depository Agreement with the U.S. Trustee (the "**Adequate Assurance Account**"); provided that, to the extent any Utility Company receives other value from the Debtors after the Petition Date as adequate assurance of payment, the

Debtors may, with the consent of that Utility Company, reduce the portion of the Adequate Assurance Deposit attributable to that Utility Company by the amount of such other value. No deposit or other security held by a Utility Company as of the Petition Date shall reduce the Adequate Assurance Deposit or the portion thereof attributable to that Utility Company. The Adequate Assurance Deposit shall be held for the purpose of providing adequate assurance of payment to the Utility Companies for postpetition Utility Services.

6. Notwithstanding anything to the contrary in any other order of the Court, including any order authorizing the Debtors' use of cash collateral or postpetition financing, the interests of any party, including the Prepetition Agent and any postpetition lender, in, or lien on, the Adequate Assurance Deposit shall be subordinate to the Utility Companies' interest in the Adequate Assurance Deposit until it is returned to the Debtors or as otherwise ordered by the Court.

7. If an amount relating to Utility Services provided postpetition by any Utility Company is unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Account up to the amount allocated to it on Exhibit C to the Motion by notice to the Notice Parties. The Debtors shall honor such request within five (5) business days after receipt, if undisputed, and shall replenish the Adequate Assurance Account in the amount disbursed.

8. The Adequate Assurance Procedures are approved on an interim basis, as follows:

(a) Any Utility Company seeking additional assurance of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request so that it is actually received by the Notice Parties.

(b) An Adequate Assurance Request must (i) be in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the locations for which Utility Services are provided; (iv) include a summary of the Debtors' payment history relevant to the affected accounts, including any security deposits or other

prepayments or assurances previously provided by the Debtors; and (v) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

(c) Upon receipt of an Adequate Assurance Request, the Debtors shall have twenty-one (21) days (the "**Resolution Period**") to negotiate with the Utility Company to resolve the Adequate Assurance Request; provided that the Debtors and the Utility Company may extend the Resolution Period by mutual agreement.

(d) The Debtors may, without further order of the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Company and, in connection with any such agreement, provide the Utility Company with additional adequate assurance of payment, including cash deposits, prepayments, and other forms of security, if the Debtors believe such additional assurance is reasonable, subject to any order authorizing the Debtors' use of cash collateral or postpetition financing.

(e) If the Debtors determine that an Adequate Assurance Request is not reasonable and are not able to reach a resolution with the Utility Company during the Resolution Period, the Debtors, during or immediately after the Resolution Period, shall request a hearing before the Court to determine the adequacy of assurance of payment with respect to that Utility Company pursuant to section 366(c)(3) of the Bankruptcy Code (the "**Determination Hearing**"). The Determination Hearing shall be held at the next regularly scheduled omnibus hearing in these Cases unless the Court orders otherwise.

(f) Pending resolution of an Adequate Assurance Request at a Determination Hearing or entry of the Final Order, the Utility Company making the Adequate Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of (i) unpaid charges for prepetition services, (ii) a pending Adequate Assurance Request, or (iii) any objection filed in response to the Proposed Adequate Assurance.

(g) All Utility Companies shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until (i) the Debtors agree in writing to an Adequate Assurance Request or to an alternative form of adequate assurance with the Utility Company during the Resolution Period, or (ii) the Court enters an order at a Determination Hearing requiring that additional adequate assurance of payment be provided.

(h) The portion of the Adequate Assurance Deposit attributable to a Utility Company, less any amount owed for unpaid postpetition Utility Services, shall revert to the Debtors only after (A) the earliest of (i) the date on which the Debtors pay the Utility Company's final invoice following the Debtors' termination of that Utility Company's services; (ii) the closing of a sale of the restaurant or restaurants served by that Utility Company, after payment of all postpetition amounts owed for services provided through the closing; (iii) the effective date of any chapter 11

plan confirmed in these Cases; and (iv) the date on which these Cases are closed or dismissed, and (B) the Debtors have served written notice of the proposed reversion on that Utility Company and that Utility Company has not, within ten (10) days after service of such notice, served a written objection on the Debtors. If a Utility Company timely objects and the objection is not resolved by agreement, the amount in dispute shall remain in the Adequate Assurance Account pending further order of the Court.

9. Subject to the rights of Utility Companies to move for relief under section 366(c)(3) of the Bankruptcy Code and further order of the Court, all Utility Companies, including any subsequently added Utility Company, are prohibited from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account of any unpaid prepetition charges, the commencement of these Cases, or any perceived inadequacy of the Adequate Assurance Deposit, and from requiring the Debtors to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than in accordance with the Adequate Assurance Procedures. Without limiting the foregoing, Budderfly is prohibited from altering, refusing, or discontinuing Utility Services to the Debtors, including by causing any underlying provider to alter, refuse, or discontinue service to the Debtors' restaurants, on account of any unpaid prepetition charges. The Utility Companies are also prohibited from drawing upon any existing security deposit, surety bond, or other form of security to secure future payment for Utility Services, other than as ordered by the Court or as agreed to by the Debtors in accordance with the Adequate Assurance Procedures. Nothing herein shall impair the rights of any Utility Company under section 366(c)(4) of the Bankruptcy Code with respect to a security deposit provided prepetition.

10. The Debtors are authorized, but not directed, to continue to use and pay the Utility Consolidator in the ordinary course of business, including by transferring funds to the Utility Consolidator for payment of postpetition Utility Services, and to pay prepetition fees owed to the Utility Consolidator in the ordinary course of business in an aggregate amount not to exceed

$5,000. Nothing in this Order authorizes the payment of any other prepetition amount owed to any Utility Company.

11. The Debtors may amend the Utility Services List to add any Utility Company. The Debtors shall file any such amended Utility Services List with the Court and serve a copy of the Motion, this Order, and the amended Utility Services List on any added Utility Company. Within ten (10) days after a Utility Company is added to the Utility Services List, the Debtors shall increase the Adequate Assurance Deposit by an amount equal to the Debtors' average two (2)-week cost of Utility Services provided by that Utility Company, calculated as a historical average during the twelve (12)-month period before the Petition Date. Any added Utility Company may make an Adequate Assurance Request in accordance with the Adequate Assurance Procedures.

12. The Debtors may remove a Utility Company from the Utility Services List by filing a notice of an amended Utility Services List identifying the Utility Company to be removed and serving the notice on that Utility Company. The Utility Company shall have fourteen (14) days after service to object to its removal. If the Utility Company does not timely object, its removal shall be effective automatically. If the Utility Company timely objects, the Debtors shall request a hearing at the next omnibus hearing in these Cases that is not less than fourteen (14) days after the objection is filed, or on such other date as the Debtors and the Utility Company may agree, and the removal shall not be effective until the objection is resolved consensually or by order of the Court. Upon the removal of a Utility Company, (i) the Debtors may reduce the Adequate Assurance Deposit by the amount attributable to that Utility Company, which amount shall be returned to the Debtors without further order of the Court, and (ii) the

removed Utility Company shall return to the Debtors any additional adequate assurance it received from the Debtors no later than five (5) business days after its removal.

13. This Order and the Adequate Assurance Procedures shall be binding on all Utility Companies, including any Utility Company subsequently added to the Utility Services List; provided that this Order shall not be binding on any Utility Company that has not been served with it.

14. The inclusion of any entity on, or the omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

15. The Banks are authorized, when requested by the Debtors, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to make payments authorized by this Order, whether such checks or transfers were presented or submitted before or after the Petition Date, to the extent that sufficient funds are on deposit.

16. Nothing in this Order or the Motion, nor any payment or deposit made pursuant to this Order, is intended or shall be deemed to constitute (i) an assumption of any agreement pursuant to section 365 of the Bankruptcy Code; (ii) an admission as to the validity, priority, or amount of any claim against the Debtors; (iii) a waiver of the Debtors' or any other party in interest's rights to dispute any claim; (iv) a promise or requirement to pay any claim; or (v) a concession by the Debtors that any lien (statutory or otherwise) is valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection of, or seek avoidance of, any lien.

17. Nothing in this Order affects the rights and obligations of the Debtors and their landlords under section 365 of the Bankruptcy Code with respect to nonresidential real property leases and the obligations arising thereunder.

18. Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

19. The requirements of Bankruptcy Rule 6003 have been satisfied.

20. Notwithstanding anything to the contrary herein, but subject to the provisions of this Order regarding the priority of the Utility Companies' interest in the Adequate Assurance Deposit, any payment made or action taken by the Debtors pursuant to this Order shall be subject to and in compliance with any interim or final order authorizing the Debtors' use of cash collateral or postpetition financing (a "**Cash Collateral Order**") and any approved budget thereunder. To the extent of any conflict between this Order and a Cash Collateral Order, the Cash Collateral Order shall control.

21. Notice of the Motion as provided therein is good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

23. The Debtors are authorized to take any and all actions necessary or appropriate to implement this Order.

24. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: November 4th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**