**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 6** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX AND A CONSOLIDATED LIST OF THE THIRTY LARGEST UNSECURED CREDITORS, (II) AUTHORIZING THE DEBTORS TO SERVE CERTAIN PARTIES IN INTEREST BY E-MAIL, (III) AUTHORIZING REDACTION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") for entry of an order, pursuant to sections 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 1007, 2002, 9007, and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1001-1(d), 1007-2, 9013-1(m), and 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) authorizing the Debtors to file the Consolidated Creditor Matrix and the Consolidated Top 30 Creditors List in lieu of separate lists for each Debtor, (ii) authorizing the Debtors to serve notices and other documents on parties in interest by e-mail, (iii) authorizing the

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Debtors to redact certain personally identifiable information within the Consolidated Creditor Matrix, the Schedules, affidavits of service, and any other filing within these Cases that may contain personally identifiable information, and (iv) granting related relief; and upon consideration of the First Day Declaration; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, on an interim basis, as set forth herein.

2. The Debtors are authorized to file the Consolidated Creditor Matrix and the Consolidated Top 30 Creditors List in lieu of each Debtor filing a separate list. If any of these Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file an unconsolidated list of its largest unsecured creditors within fourteen (14) days after such conversion unless otherwise ordered by the Court. The Debtors shall provide information regarding their largest unsecured creditors on a Debtor-by-Debtor basis to the U.S. Trustee upon request.

3. Pursuant to Bankruptcy Rules 2002(m) and 9007 and section 105(a) of the Bankruptcy Code, and notwithstanding Bankruptcy Rules 2002(g) and 9036, the following procedures (the "**E-mail Service Procedures**") are approved on an interim basis pending the Final Hearing (as defined below), and the Debtors are authorized to serve parties in interest in accordance therewith:

(a) The Debtors, through the Claims and Noticing Agent, may serve all notices, pleadings, and other papers in these Cases, including the notice of commencement of these Cases, by e-mail on any party in interest, including the Debtors' current and former employees, for which the Debtors' books and records or the records of the Claims and Noticing Agent reflect an e-mail address, except that (i) any party that both (A) has a mailing address in the Debtors' books and records or has designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e) and (B) has requested service by first-class mail shall be served by first-class mail at that mailing address, and (ii) the Debtors shall serve the following (collectively, the "**Key Notices**") by first-class mail on each party in interest, other than the Debtors' current and former employees, for which the Debtors' books and records reflect a mailing address, and may additionally serve the Key Notices on those parties by e-mail: the notice of commencement of these Cases; any notice of a deadline to file proofs of claim against the Debtors; notice of the hearing to approve the sale of substantially all of the Debtors' assets and the related objection deadline; notice of the hearing on any disclosure statement and of any hearing on confirmation of a chapter 11 plan, together with any solicitation materials; and notice of any hearing to convert or dismiss these Cases.

(b) If the Debtors do not have an e-mail address for a party in interest, or if an e-mail to a party in interest is returned as undeliverable, the Debtors shall serve that party by first-class mail at its last known address, which service on any current or former employee or customer of the Debtors may be made by a one-page notice that includes a link to the Claims and Noticing Agent's website where the served document may be viewed free of charge.

(c) Notwithstanding paragraph (a), subject to further order of the Court, the Debtors shall serve the notice of commencement of these Cases and any notice of a deadline to file proofs of claim against the Debtors (each, a "**Bar Date Notice**") by first-class mail at the last known home address of any current or former employee of any Debtor who (i) is owed unpaid wages, salary, paid time off, severance, or other compensation reflected in the Debtors' books and records as of the Petition Date, (ii) is a named plaintiff in any pending litigation against any Debtor, including *Garcia v. Cerca Trova Steakhouse, L.P.*, No. 26STCV20517 (Cal. Super. Ct. L.A. Cnty.), and *Hernandez v. Out West Restaurant Group, Inc.*, No. 26STCV27635 (Cal. Super. Ct. L.A. Cnty.), or is a named plaintiff in *Rejniak v. Cerca Trova Restaurant Concepts*, No. 19STCV31099, or *Cano v. Cerca Trova Restaurant Concepts, Inc.*, No. 20STCV19516 (Cal. Super. Ct. L.A. Cnty.), (iii) was employed at a Closed Restaurant or whose employment was terminated during the ninety (90) days before the Petition Date, or (iv) has asserted a claim against any Debtor in writing (collectively, the "**Known Employee Claimants**"), and may additionally serve those notices on any Known Employee Claimant by e-mail. If a Known Employee Claimant is represented by counsel in pending

litigation against any Debtor, the Debtors shall also serve those notices on that counsel. All other notices and papers may be served on Known Employee Claimants in accordance with paragraphs (a) and (b). For the avoidance of doubt, a member of a class or settlement class in any action referenced in clause (ii) who is not a named plaintiff in that action shall not be a Known Employee Claimant solely by reason of such membership and may be served in accordance with paragraphs (a) and (b).

(d) Any party in interest may request service by first-class mail by contacting the Claims and Noticing Agent, and shall thereafter be served by first-class mail.

(e) E-mail service under the E-mail Service Procedures shall not apply to any complaint or other pleading in an adversary proceeding unless the recipient consents to service by e-mail. Nothing in the E-mail Service Procedures prevents the Debtors from serving any party by e-mail in addition to any other method of service authorized by the Bankruptcy Rules. Nothing in this Order limits service by e-mail or other electronic means on any party that has consented in writing to such service in accordance with Bankruptcy Rule 9036, or on any registered user of the Court's electronic-filing system in accordance with Local Rule 9036-1(b), regardless of whether the E-mail Service Procedures are approved on a final basis.

(f) Service under the E-mail Service Procedures shall be reflected in the certificates of service filed in these Cases, with the e-mail addresses and home addresses of individuals redacted as provided in this Order.

(g) The Debtors shall also post notices on the Claims and Noticing Agent's website and publish the notice of commencement in *The Wall Street Journal*.

4. A final hearing (the "**Final Hearing**") to consider entry of a final order granting the relief requested in the Motion (the "**Final Order**") is scheduled for November 23, 2026 at 2:00 p.m. (prevailing Eastern Time) before the Court. Any objections or responses to entry of the Final Order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on November 16, 2026 and shall be served upon (i) proposed counsel to the Debtors, (a) KTBS Law LLP, 1801 Century Park East, Twenty-Sixth Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin (mtuchin@ktbslaw.com) and Nir Maoz (nmaoz@ktbslaw.com), and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier: 19801), Attn: Bradford J. Sandler (bsandler@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com); (ii) counsel to the Prepetition Agent, (a) Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603, Attn: Danielle Juhle (danielle.juhle@goldbergkohn.com) and Drake Saffell (drake.saffell@goldbergkohn.com), and (b) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: John H. Knight (knight@rlf.com); (iii) counsel to the Franchisor and DIP Lender, BakerHostetler LLP, 127 Public Square, Suite 2000, Cleveland, Ohio 44114, Attn: Michael A. VanNiel (mvanniel@bakerlaw.com) and Alexis Beachdell (abeachdell@bakerlaw.com); (iv) counsel to any statutory committee appointed in these Cases; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda J. Casey (linda.casey@usdoj.gov). If no objections to entry of the Final Order are timely received, the Court may enter the Final Order without further notice or hearing.

5. The Debtors are authorized to redact the e-mail addresses and home addresses, but not the names, of the Debtors' current and former employees, customers, directors and

officers, and creditors who are individual persons from the Consolidated Creditor Matrix, the Schedules, affidavits of service, or any other document filed by the Debtors with the Court in these Cases; provided, that the Debtors shall file unredacted versions of all such documents under seal with the Court within three (3) business days of such filings and shall provide an unredacted version of the Consolidated Creditor Matrix, the Schedules, and (if requested) affidavits of service to the U.S. Trustee, counsel to any statutory committee appointed in these Cases, the Debtors' court-appointed Claims and Noticing Agent, any subsequently appointed trustee, and any party in interest upon the execution of an appropriate confidentiality agreement reasonably acceptable to the Debtors, or alternatively entry of an order granting a written motion to the Court for cause shown.

6. Except as otherwise provided in the E-mail Service Procedures, when serving any notice in these Cases on the Debtors' current and former employees, individual equity holders, customers, directors and officers, and other creditors who are individual persons, the Debtors' Claims and Noticing Agent, and, where applicable, the Clerk of the Court, shall use the home address or such address that the Debtors have on file for such individual, which address shall not be the Debtors' general mailing addresses.

7. Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's personally identifiable information is sealed or redacted pursuant to this Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service, without revealing the sealed or redacted information. The Debtors shall provide the personally identifiable information to any party in interest upon the execution of an appropriate

confidentiality agreement reasonably acceptable to the Debtors, or alternatively entry of an order granting a written motion to the Court that indicates the reason such information is needed (*e.g.*, to serve the employees with notice). Alternatively, the Debtors are authorized to facilitate service of process through the Debtors' Claims and Noticing Agent for any party in interest required to serve a creditor whose information has been redacted pursuant to this Order and arrange for reimbursement of expenses on account of such service with said party in interest.

8. Nothing herein precludes a party in interest's right to file a motion (i) seeking unredacted copies of the information redacted by this Order or (ii) requesting that the Court unseal the information redacted by this Order.

9. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

10. Notwithstanding any other provision of this Order to the contrary, nothing herein shall prohibit or forbid the U.S. Trustee from publicly identifying members of any statutory committee appointed in these Cases.

11. Nothing in this Order authorizes the redaction of any information required to be provided on the Consolidated Top 30 Creditors List.

12. Nothing in this Order shall abrogate the rights, duties, and obligations found under or pursuant to 11 U.S.C. § 107(c)(3).

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

14. The Debtors are authorized to take any and all actions necessary or appropriate to implement this Order.

15. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: November 4th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**