**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 9** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN THEIR INSURANCE POLICIES AND PAY RELATED PREPETITION OBLIGATIONS AND (B) RENEW, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE COVERAGE AND FINANCE RELATED PREMIUMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") for entry of an interim order, pursuant to sections 105(a), 363(b), 363(c), 364(c), 364(d), 1107(a), and 1108 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 4001, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) authorizing the Debtors to (a) maintain the Insurance Policies and pay related prepetition obligations and (b) renew, supplement, extend, or purchase insurance coverage and finance related premiums, and (ii) granting related relief; and upon consideration of the First Day Declaration; and it appearing that the Court has jurisdiction to consider the Motion pursuant to

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1334 and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. A final hearing (the "**Final Hearing**") to consider entry of a final order (the "**Final Order**") on the Motion is scheduled for November 23, 2026 at 2:00 p.m. (prevailing Eastern Time) before the Court. Any objections or responses to entry of the Final Order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on November 16, 2026, and shall be served upon (i) proposed counsel to the Debtors, (a) KTBS Law LLP, 1801 Century Park East, Twenty-Sixth Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin (mtuchin@ktbslaw.com) and Nir Maoz (nmaoz@ktbslaw.com), and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier: 19801), Attn: Bradford J. Sandler (bsandler@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com); (ii) counsel to the Prepetition Agent, (a) Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603, Attn: Danielle Juhle (danielle.juhle@goldbergkohn.com) and Drake Saffell (drake.saffell@goldbergkohn.com), and

(b) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: John H. Knight (knight@rlf.com); (iii) counsel to the Franchisor and DIP Lender, BakerHostetler LLP, 127 Public Square, Suite 2000, Cleveland, Ohio 44114, Attn: Michael A. VanNiel (mvanniel@bakerlaw.com) and Alexis Beachdell (abeachdell@bakerlaw.com); (iv) counsel to any statutory committee appointed in these Cases; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda J. Casey (linda.casey@usdoj.gov) (collectively, the "**Notice Parties**"). If no objections to entry of the Final Order are timely received, the Court may enter the Final Order without further notice or hearing.

3. The Debtors are authorized, but not directed, to maintain the Insurance Policies and the Insurance Program in the ordinary course of business, substantially in accordance with the practices and procedures in effect before the Petition Date, and to pay postpetition Insurance Obligations, including Administration Fees, Audit Adjustments, and Deductibles (in each case to the extent attributable to postpetition periods or occurrences), as they come due in the ordinary course of business. For the avoidance of doubt, the term "Insurance Policies" includes any insurance policy of the Debtors inadvertently omitted from Exhibit C to the Motion.

4. The Debtors are authorized, but not directed, to pay prepetition Insurance Obligations (including prepetition Audit Adjustments and Deductibles) in an aggregate amount not to exceed $50,000 pending entry of the Final Order.

5. The Debtors are authorized, but not directed, in the ordinary course of business and in consultation with the Prepetition Agent and any statutory committee, to renew, supplement, extend, modify, or replace the Insurance Policies, and to purchase new or additional insurance coverage, without further order of the Court; provided that the Debtors shall provide

three (3) business days' prior written notice (which may be by electronic mail) of any renewal, supplement, extension, replacement, or material modification of an Insurance Policy, or purchase of new or additional insurance coverage, to the U.S. Trustee, counsel to the Prepetition Agent, counsel to the DIP Lender, and counsel to any statutory committee.

6. The Debtors are authorized, but not directed, to finance the premiums for any renewal, extension, or replacement of the Insurance Policies authorized by this Order, on terms customary for insurance premium financing, and to grant the premium financier a first-priority security interest in the unearned premiums and other amounts payable under the financed policies; provided that (a) the Debtors shall provide the notice required by the preceding paragraph, together with a copy of the proposed premium financing agreement, and (b) the Prepetition Agent and DIP Lender shall have consented in writing (which may be by electronic mail) to the grant of such security interest. Any such security interest shall be senior to any lien on such unearned premiums and other amounts granted under any other order authorizing the Debtors' use of cash collateral or postpetition financing.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in respect of Insurance Obligations (the "**Banks**") are authorized, when requested by the Debtors, to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the Insurance Obligations authorized to be paid by this Order, whether such checks were presented or requests submitted before or after the Petition Date, to the extent that sufficient funds are on deposit. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in respect of Insurance Obligations that are dishonored as a consequence of these Cases. The Banks may rely on the representations of the Debtors as to

which checks and electronic payment requests should be honored in accordance with this Order, without any duty of further inquiry and without liability for following the Debtors' instructions.

8. Nothing in this Order or the Motion, nor any payment made pursuant to this Order, is intended or shall be deemed to constitute (i) an assumption of any Insurance Policy or other agreement pursuant to section 365 of the Bankruptcy Code; (ii) an admission as to the validity, priority, or amount of any claim against the Debtors; (iii) a waiver of the Debtors' or any other party in interest's rights to dispute any claim; (iv) a promise or requirement to pay any claim; or (v) a concession by the Debtors that any lien (statutory or otherwise) is valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection of, or seek avoidance of, any lien.

9. Nothing in this Order shall be construed to accelerate payments that are not otherwise due and payable.

10. The requirements of Bankruptcy Rule 6003 have been satisfied.

11. Notwithstanding anything to the contrary herein, any payment made or action taken by the Debtors pursuant to this Order shall be subject to and in compliance with any interim or final order authorizing the Debtors' use of cash collateral or postpetition financing (a "**Cash Collateral Order**") and any approved budget thereunder. To the extent of any conflict between this Order and a Cash Collateral Order, the Cash Collateral Order shall control.

12. Notice of the Motion as provided therein is good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not

subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

14. The Debtors are authorized to take any and all actions necessary or appropriate to implement this Order.

15. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: November 4th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**