**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 8** |

**INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION TAXES AND FEES, (II) AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR, AND PAY CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS MADE RELATING TO THE FOREGOING, AND (III) SCHEDULING A FINAL HEARING**

Upon the motion (the "**Motion**")[2] of Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") for entry of interim and final orders, pursuant to sections 105(a), 363(b), 363(c), 507(a)(8), and 541(d) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) authorizing, but not directing, the Debtors to pay certain prepetition taxes, including sales and use taxes, property taxes, franchise taxes, and license and permit fees, in the ordinary course of business, as the Debtors, in their sole discretion, deem necessary, subject to the caps

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

described herein, (ii) authorizing banks and other financial institutions (the "**Banks**") to honor and process checks and electronic transfer requests related to the foregoing, and (iii) scheduling a final hearing; and upon consideration of the First Day Declaration; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth herein.

2. A final hearing (the "**Final Hearing**") to consider entry of a final order (the "**Final Order**") on the Motion is scheduled for November 23, 2026 at 2:00 p.m. (prevailing Eastern Time) before the Court. Any objections or responses to entry of the Final Order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on November 16, 2026 and shall be served upon (i) proposed counsel to the Debtors, (a) KTBS Law LLP, 1801 Century Park East, Twenty-Sixth Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin (mtuchin@ktbslaw.com) and Nir Maoz (nmaoz@ktbslaw.com), and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier: 19801),

Attn: Bradford J. Sandler (bsandler@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com); (ii) counsel to the Prepetition Agent, (a) Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603, Attn: Danielle Juhle (danielle.juhle@goldbergkohn.com) and Drake Saffell (drake.saffell@goldbergkohn.com), and (b) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: John H. Knight (knight@rlf.com); (iii) counsel to the Franchisor and DIP Lender, BakerHostetler LLP, 127 Public Square, Suite 2000, Cleveland, Ohio 44114, Attn: Michael A. VanNiel (mvanniel@bakerlaw.com) and Alexis Beachdell (abeachdell@bakerlaw.com); (iv) counsel to any statutory committee appointed in these Cases; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda J. Casey (linda.casey@usdoj.gov) (collectively, the "**Objection Notice Parties**"). If no objections to entry of the Final Order are timely received, the Court may enter the Final Order without further notice or hearing.

3. The Debtors are authorized, but not directed, to pay prepetition Taxes and Fees in the ordinary course of business owed to the Taxing Authorities; *provided*, *however*, that pending entry of the Final Order, payments on account of Taxes and Fees that accrued, in whole or in part, prior to the Petition Date, but were not in fact paid or processed prior to the Petition Date, (i) shall be limited to Taxes and Fees that become due and payable before entry of the Final Order, (ii) shall not include any Assessments, and (iii) shall not exceed $2,115,000 in the aggregate (the "**Interim Cap**"). The Debtors are authorized, but not directed, to pay Taxes and Fees that relate to periods that begin before and end after the Petition Date, subject to the foregoing cap as to the prepetition portion. The Debtors reserve their rights with respect to the proper characterization of any such "straddle" Taxes and Fees and to seek reimbursement of any

portion of any payment that ultimately is not entitled to administrative or priority treatment. The Debtors are further authorized, but not directed, to pay Taxes and Fees that accrue and become due after the Petition Date in the ordinary course of business, and such payments shall not count against the Interim Cap. Pending entry of the Final Order, payments on account of each category of prepetition Taxes and Fees shall not exceed the amount set forth for that category in the following chart:

| Category | Interim Cap |
|---|---|
| Sales and Use Taxes | $1,900,000 |
| Property Taxes | $180,000 |
| Franchise Taxes | $5,000 |
| Licenses and Fees | $30,000 |
| Assessments | $0 |
| Total | **$2,115,000** |

4. Nothing in this Order authorizes the Debtors to pay prepetition Property Taxes on the premises of any Closed Restaurant.

5. Nothing in this Order authorizes the Debtors to pay any Taxes and Fees owed by any non-Debtor affiliate, including Cerca Trova Restaurant Group, Inc., except to the extent a Debtor is liable for such Taxes and Fees, including as a member of a consolidated, combined, or unitary group.

6. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, on, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to, on, or after the Petition Date should be honored pursuant to this

Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Order.

7. Nothing herein shall impair any right of the Debtors to dispute or object to any taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the Taxes and Fees as to amount, liability, classification, or otherwise. Nothing in this Order, nor any payment made pursuant to this Order, (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority, or amount of any claim against the Debtors and their estates, or (iii) shall be construed as a promise to pay a claim. Nothing in this Order shall be deemed a concession by the Debtors that any lien securing any Taxes and Fees paid pursuant to this Order is valid, and all rights to contest the extent, validity, or perfection of, or to seek avoidance of, any such lien are expressly reserved.

8. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Taxing Authorities or any other party in interest.

9. Nothing contained in this Order shall be construed to accelerate payments to any Taxing Authority that are not otherwise due and payable.

10. Nothing contained herein or in the Motion shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent that it is not paid.

11. To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

12. The Debtors are authorized to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Cases with respect to prepetition amounts owed in connection with the Taxes and Fees that are approved herein.

13. The requirements of Bankruptcy Rule 6003 are satisfied because the relief granted herein is needed to avoid immediate and irreparable harm to the Debtors and their estates.

14. Notwithstanding anything to the contrary herein, any payment made or action taken by the Debtors pursuant to this Order shall be subject to and in compliance with any interim or final order authorizing the Debtors' use of cash collateral or postpetition financing (a "**Cash Collateral Order**") and any approved budget thereunder. To the extent of any conflict between this Order and a Cash Collateral Order, the Cash Collateral Order shall control.

15. Notice of the Motion as provided therein is good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

17. The Debtors are authorized to take any and all actions necessary or appropriate to implement this Order.

18. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.



**Dated: November 4th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**