**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 12** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS, SHIPPERS, MAINTENANCE PROVIDERS, 503(b)(9) CLAIMANTS, AND PACA/PASA CLAIMANTS; (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") for entry of an interim order, pursuant to sections 105(a), 363(b), 363(c), 503(b), 541, 1107(a), and 1108 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9013-1, (i) authorizing, but not directing, the Debtors, in their discretion, to pay certain Trade Claims in the ordinary course of business, (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto, and (iii) granting related relief; and upon consideration of the First Day Declaration; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the Amended Standing Order of Reference from the United States District Court for the

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, on an interim basis as set forth herein.

2. A final hearing (the "**Final Hearing**") to consider entry of a final order (the "**Final Order**") on the Motion is scheduled for November 23, 2026 at 2:00 p.m. (prevailing Eastern Time) before the Court. Any objections or responses to entry of the Final Order shall be filed on or before 4:00 p.m. (prevailing Eastern Time) on November 16, 2026 and shall be served upon (i) proposed counsel to the Debtors, (a) KTBS Law LLP, 1801 Century Park East, Twenty-Sixth Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin (mtuchin@ktbslaw.com) and Nir Maoz (nmaoz@ktbslaw.com), and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier: 19801), Attn: Bradford J. Sandler (bsandler@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com); (ii) counsel to the Prepetition Agent, (a) Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603, Attn: Danielle Juhle (danielle.juhle@goldbergkohn.com) and Drake Saffell (drake.saffell@goldbergkohn.com), and (b) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: John H. Knight (knight@rlf.com); (iii) counsel

to the Franchisor and DIP Lender, BakerHostetler LLP, 127 Public Square, Suite 2000, Cleveland, Ohio 44114, Attn: Michael VanNiel (mvanniel@bakerlaw.com) and Alexis Beachdell (abeachdell@bakerlaw.com); (iv) counsel to any statutory committee appointed in these Cases; and (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda J. Casey (linda.casey@usdoj.gov) (collectively, the "**Notice Parties**"). If no objections to entry of the Final Order are timely received, the Court may enter the Final Order without further notice or hearing.

3. The Debtors are hereby authorized, but not directed, to pay, in their discretion and in consultation with the Prepetition Agent, the DIP Lender and any statutory committee, the Trade Claims in an aggregate amount not to exceed $5,620,000 pending entry of the Final Order (the "**Interim Cap**") in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date. The amounts set forth in the Motion for each category of Trade Claims are the Debtors' estimates of the amounts necessary to pay such Trade Claims. In the exercise of their business judgment, the Debtors may decide it is prudent to pay more or less than the estimated amount for a specific category, so long as the aggregate amount paid under this Order does not exceed the Interim Cap. Nothing in this paragraph shall be construed as requiring the Debtors to make a payment to a particular creditor or claimant. Notwithstanding anything to the contrary herein, no payment shall be made under this Order on account of any prepetition claim of the Franchisor or any of its affiliates, in any capacity, or of any insider (as defined in section 101(31) of the Bankruptcy Code). The Debtors shall provide a copy of this Order or any final order entered in connection with the Motion to any Trade Claimant to whom a payment is made pursuant to the relief granted herein.

4. The Debtors shall not pay any Trade Claim under this Order (other than a PACA/PASA Claim) unless the applicable Trade Claimant has first agreed in writing, which agreement may be made by e-mail, to supply goods or services to the Debtors on Customary Trade Terms (or such other terms as the Debtors, in their reasonable business judgment and in consultation with the Prepetition Agent, the DIP Lender, and any statutory committee, may agree with such Trade Claimant in writing) during the pendency of these Cases and to be bound by the terms of this Order (each such agreement, a "**Trade Agreement**"). The Debtors shall provide a copy of this Order to the applicable party no later than such party's entry into a Trade Agreement. Any party that accepts payment from the Debtors on account of a Trade Claim shall be deemed to have waived, to the extent so paid, any and all prepetition claims against the Debtors on account of the Trade Claim so paid. Payment of any Trade Claim under this Order (other than a PACA/PASA Claim) is conditioned on the Trade Claimant continuing to supply goods or services to the Debtors on Customary Trade Terms (or such other terms as are set forth in the applicable Trade Agreement) during the pendency of these Cases. If any Trade Claimant accepts payment on account of a Trade Claim and thereafter does not continue to provide goods or services to the Debtors in accordance with its Trade Agreement (provided that any such Trade Claimant shall be provided a reasonable opportunity to contest whether it continued to provide goods or services to the Debtors in accordance with its Trade Agreement), then any such payment shall be deemed an unauthorized avoidable postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may either: (a) recover from the Trade Claimant in cash or goods; or (b) at the Debtors' option, apply against any outstanding administrative expense claim held by such Trade Claimant. Upon recovery by the Debtors, the claim shall be reinstated as a

prepetition claim in the amount so recovered, less the Debtors' reasonable costs to recover such amounts. The Debtors reserve the right to seek any other appropriate remedy.

5. In addition to any Trade Agreement, the Debtors are authorized, in their sole discretion, to require as a condition of payment of any Trade Claim that the applicable Trade Claimant (i) release any of the Debtors' goods in its possession, (ii) waive any right to assert a lien or trust interest on account of the paid claim of such Trade Claimant, and (iii) take whatever action is necessary to remove any such existing liens or trust interests at such Trade Claimant's sole cost and expense.

6. Notwithstanding anything to the contrary in this Order, the Motion, or its attachments, the priority status of a creditor's claim, including that of claims arising under section 503(b)(9) of the Bankruptcy Code, shall not be affected by whether such creditor enters into a Trade Agreement, or provides services or goods to the Debtors under Customary Trade Terms, or otherwise, unless provided in such Trade Agreement.

7. Nothing in this Order impairs the rights of holders of PACA/PASA Claims to enforce their rights under PACA or PASA, and the Debtors' rights to contest any asserted PACA/PASA Claim are reserved.

8. Nothing contained herein is or should be construed as: (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a promise to pay any claim, (v) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) are valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved), (vi) an

approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code, (vii) a waiver of the obligation of any party in interest to file a proof of claim, or (viii) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

9. The banks on which checks are drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

10. The Debtors are authorized, but not directed, in their discretion and in consultation with the Prepetition Agent and the DIP Lender, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests made in payment of the prepetition obligations approved herein that are dishonored as a consequence of these Cases with respect to prepetition amounts owed in connection with any prepetition claims of the Trade Claimants.

11. Notwithstanding anything to the contrary herein, any payment made or action taken by the Debtors pursuant to this Order shall be subject to and in compliance with any interim or final order authorizing the Debtors' use of cash collateral or postpetition financing (a "**Cash Collateral Order**") and any approved budget thereunder. To the extent of any conflict between this Order and a Cash Collateral Order, the Cash Collateral Order shall control.

12. The requirements of Bankruptcy Rule 6003 have been satisfied.

13. Notice of the Motion as provided therein is good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

15. The Debtors are authorized to take any and all actions necessary or appropriate to implement this Order.

16. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: November 4th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**