**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: November 23, 2026 at 4:00 p.m. (ET)**<br>**Hearing Date: November 30, 2026 at 1:00 p.m. (ET)** |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KTBS LAW LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") hereby apply (the "**Application**") to the United States Bankruptcy Court for the District of Delaware (the "**Court**") for entry of an order, substantially in the form attached hereto as Exhibit D (the "**Proposed Order**"), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), and consistent with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, 28 C.F.R. pt. 58, app. B (the "**U.S. Trustee Guidelines**"), authorizing

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

the employment and retention of KTBS Law LLP ("**KTBS**" or the "**Firm**") as counsel for the Debtors, effective as of the Petition Date (as defined below). In support of the Application, the Debtors rely on (i) the *Statement of KTBS Law LLP Pursuant to Section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b)*, attached hereto as Exhibit A (the "**Rule 2016 Statement**"), (ii) the *Declaration of Nir Maoz in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of KTBS Law LLP as Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date*, attached hereto as Exhibit B (the "**Maoz Declaration**"), and (iii) the *Declaration of David Goronkin in Support of the Debtors' Application for Entry of an Order Authorizing the Employment and Retention of KTBS Law LLP as Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date*, attached hereto as Exhibit C (the "**Goronkin Declaration**"). In further support of the Application, the Debtors respectfully represent as follows:

## I. JURISDICTION

1. The Court has jurisdiction over the Cases and the Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Cases and the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors consent to the Court's entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory and other bases for the relief requested herein are Bankruptcy Code section 327(a), Bankruptcy Rule 2014, and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## II. BACKGROUND

4. On November 2, 2026 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") in the Cases. The Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. Docket No. 50.

5. The Debtors operate sixty-one (61) Outback Steakhouse® restaurants in California, Arizona, Colorado, Nevada, and New Mexico as franchisees of Outback Steakhouse of Florida, LLC (the "**Franchisor**"), an affiliate of Bloomin' Brands, Inc. The Franchisor is also the Debtors' postpetition lender (in such capacity, the "**DIP Lender**") under the interim order entered November 4, 2026 [Docket No. 51], and the proposed stalking horse purchaser under an asset purchase agreement dated November 1, 2026. Goldman Sachs Specialty Lending Group, L.P. is the administrative and collateral agent (the "**Prepetition Agent**") under the Debtors' prepetition secured credit facility. The Debtors commenced the Cases to pursue a sale of substantially all of their assets under section 363 of the Bankruptcy Code.

6. Additional information about the Debtors' business, capital structure, and the circumstances leading to the Cases is set forth in the *Declaration of David Goronkin in Support of Chapter 11 Petitions and First Day Relief* [Docket No. 4] (the "**First Day Declaration**"), which is incorporated herein by reference.

## III. RELIEF REQUESTED

7. By this Application, the Debtors seek to employ and retain KTBS as their bankruptcy counsel with regard to the filing and prosecution of the Cases and all related proceedings. Accordingly, the Debtors respectfully request entry of the Proposed Order, pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, authorizing them to employ and retain KTBS as their counsel, effective as of the Petition Date, to perform the legal services that will be necessary during the Cases pursuant to the terms set forth in this Application, the Engagement Agreement (as defined below), and the Maoz Declaration.

## IV. BASIS FOR RELIEF

8. Section 327(a) of the Bankruptcy Code provides that a trustee, with the court's approval, "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Under section 1107(a) of the Bankruptcy Code, a debtor in possession has the rights and powers of a trustee, and section 1107(b) of the Bankruptcy Code provides that, "[n]otwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). Bankruptcy Rule 2014(a) and Local Rule 2014-1 require the disclosures set forth in this Application, the Rule 2016 Statement, and the Maoz Declaration. For the reasons set forth herein and in the Maoz Declaration, KTBS satisfies these requirements.

**A. KTBS's Qualifications**

9. The Debtors seek to retain KTBS because of the Firm's extensive experience and knowledge in the field of business reorganizations under chapter 11 of the Bankruptcy Code. KTBS limits its practice to bankruptcy, insolvency, and restructuring matters and related commercial litigation and corporate transactions. KTBS's attorneys have represented debtors, creditors, committees, and acquirers in chapter 11 cases in this District and throughout the country, including as counsel to the debtors in *In re Amyris, Inc.,* Case No. 23-11131 (TMH) (Bankr. D. Del.); *In re American Blue Ribbon Holdings, LLC*, Case No. 20-10161 (LSS) (Bankr. D. Del.); *In re Open Road Films, LLC*, Case No. 18-12012 (LSS) (Bankr. D. Del.); *In re Woodbridge Group of Companies, LLC*, Case No. 17-12560 (KJC) (Bankr. D. Del.); *In re Vestis Retail Group, LLC*, Case No. 16-10971 (LSS) (Bankr. D. Del.); *In re Pacific Sunwear of California, Inc.*, Case No. 16-10882 (LSS) (Bankr. D. Del.); *In re USA Discounters, Ltd.*, Case No. 15-11755 (CSS) (Bankr. D. Del.); *In re Seal123, Inc.*, Case No. 15-10081 (CSS) (Bankr. D. Del.); *In re Hospital Partners of America, Inc.*, Case No. 08-12180 (BLS) (Bankr. D. Del.); *In re Avado Brands, Inc.*, Case No. 07-11276 (MFW) (Bankr. D. Del.); *In re Custom Food Products, Inc.*, Case No. 07-10495 (PJW) (Bankr. D. Del.); and *In re Samuels Jewelers, Inc.*, Case No. 03-12399 (MFW) (Bankr. D. Del.). Additional information regarding KTBS's qualifications is set forth in the Maoz Declaration.

10. KTBS was initially retained by the Debtors under an engagement agreement dated June 23, 2022 (the "**Original Engagement Agreement**"), which did not extend to any bankruptcy filings. By an engagement agreement dated October 6, 2026 (the "**Engagement Agreement**"), which amends and restates the Original Engagement Agreement in its entirety, the Debtors engaged KTBS to represent them in commencing and prosecuting the Cases. KTBS has

worked closely with the Debtors in connection with their restructuring efforts. In doing so, KTBS has become familiar with the Debtors' capital structure, the operation of the Debtors' business, and many of the potential legal issues that might arise in the context of the Cases and has provided advice and assistance to the Debtors in all aspects of their restructuring efforts, including drafting the various first day motions and other pleadings and filings necessary for the successful prosecution of the Cases. A copy of the Engagement Agreement is attached as Schedule 2 to the Maoz Declaration.

**B. Services to be Provided by KTBS**

11. The professional services that KTBS will render include, without limitation, the following:

(a) advising the Debtors with respect to their rights, duties, and powers in the Cases as debtors and debtors in possession in the continued management and operation of their businesses;

(b) attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of the Cases, including all of the legal and administrative requirements of operating in chapter 11;

(c) advising and assisting the Debtors in connection with the sale of substantially all of their assets under section 363 of the Bankruptcy Code, including bidding procedures, any auction, the stalking horse purchase agreement, and the assumption and assignment of executory contracts and unexpired leases, including the Debtors' franchise agreements and real property leases;

(d) advising and assisting the Debtors in connection with postpetition financing and the use of cash collateral;

(e) advising and assisting the Debtors with respect to actions to protect, preserve, and enhance the Debtors' estates, including the prosecution of actions on their behalf, the defense of actions commenced against their estates, negotiations concerning litigation in which the Debtors may be involved, and objections to claims filed against their estates;

(f) preparing, on behalf of the Debtors, motions, applications, answers, orders, reports, and papers necessary to the administration of their estates;

(g) negotiating and preparing, on the Debtors' behalf, agreements and documents, and taking any necessary action to effectuate a sale of substantially all of the Debtors' assets;

(h) appearing before the Court, any appellate courts on matters originating before the Court, and the U.S. Trustee; and

(i) performing other necessary and appropriate legal services, within the scope of KTBS's practice, for the Debtors in connection with the Cases.

12. The Debtors believe that it is necessary and appropriate for them to retain KTBS to render the foregoing professional services. KTBS has indicated a willingness to act on behalf of the Debtors.

13. The Debtors request that KTBS's retention be effective as of the Petition Date. KTBS has provided services to the Debtors continuously since before the Petition Date, including in connection with the preparation and filing of the Debtors' chapter 11 petitions and first day pleadings, and has continued to provide services to the Debtors since the Petition Date in anticipation of the Court's approval of this Application. The Debtors submit that retention of KTBS effective as of the Petition Date is appropriate under the circumstances and that no party in interest will be prejudiced thereby.

14. The Debtors are also seeking to retain Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**") as Delaware co-counsel, Stout Risius Ross, LLC ("**Stout**") as financial advisor, Brookwood Associates, L.L.C. ("**Brookwood**") as investment banker, and Stretto, Inc. ("**Stretto**") as administrative advisor. Stretto has been appointed as claims and noticing agent pursuant to 28 U.S.C. § 156(c) by order entered November 4, 2026. Docket No. 52. KTBS will coordinate with PSZ&J and the Debtors' other professionals to delineate clearly their respective duties and to avoid unnecessary duplication of services. KTBS will serve as the Debtors' lead counsel, and PSZ&J will serve as Delaware co-counsel, including with respect to compliance with the Local Rules and the practices of the Court, filing and service, and such other matters as

KTBS and PSZ&J may allocate from time to time. PSZ&J's specific responsibilities are described in the Debtors' application to retain PSZ&J, filed concurrently herewith. KTBS will have primary responsibility for all other matters in the Cases, and KTBS and PSZ&J will not seek compensation for duplicative services.

**C. Payment of Fees and Expenses**

15. The Debtors request that all fees and related costs and expenses incurred by the Debtors on account of services rendered by KTBS in the Cases be paid as administrative expenses of the Debtors' estates pursuant to Bankruptcy Code sections 330 and 331. Subject to the Court's approval, and compliance with Bankruptcy Code sections 330 and 331, KTBS will charge for its legal services based on its hourly rates in effect on the date such services are rendered. KTBS's current standard hourly rates are:

| | |
|---|---|
| Partners & of Counsel | $1,425 – $2,650 |
| Associates | $995 – $1,150 |
| Paralegal | $715 |
| Law Clerk | $575 |

16. The principal attorneys and paralegal presently designated to represent the Debtors, and their current hourly rates, are:

| | |
|---|---|
| Michael L. Tuchin, Partner | $2,650 |
| Nir Maoz, Partner | $1,425 |
| Michelle Banayan, Associate | $995 |
| Shanda D. Pearson, Paralegal | $715 |

17. The Debtors have been advised that the hourly rates set forth above are subject to increases, in the normal course of KTBS's business. Prior to any increase in KTBS's hourly rates for any individual providing services in the Cases, KTBS will file a supplemental declaration with the Court and provide ten (10) business days' notice of such increase to the Debtors, the U.S. Trustee, and any official committee appointed in the Cases. KTBS's practice of annually adjusting its billing rates was disclosed to the Debtors in the Engagement

Agreement, and the Debtors have agreed to pay these adjusted rates pursuant to the Engagement Agreement. Pursuant to paragraph B.2.d of the U.S. Trustee Guidelines, KTBS will provide justification of the reasonableness of any rate increase in the applicable fee application and pursuant to section 330(a)(3)(F) of the Bankruptcy Code, KTBS will explain the basis for any rate increase in the applicable supplemental declaration.[2]

18. In connection with KTBS's retention, and in accordance with the Engagement Agreement, KTBS maintains a retainer (the "**Retainer**") for professional services rendered or to be rendered and expenses incurred or to be incurred by KTBS on behalf of the Debtors. On April 23, 2026, the Debtors paid KTBS a supplemental Retainer of $500,000 in connection with preparation of the Cases, and on October 27, 2026, they paid KTBS a supplemental Retainer of $200,000. Pursuant to the Engagement Agreement, KTBS periodically invoiced the Debtors for hourly fees and out-of-pocket disbursements. Certain invoices were paid directly by the Debtors, and others were satisfied by applying the Retainer with the Debtors' approval. As of the Petition Date, the Retainer had been fully applied. The dates and amounts of the payments made by the Debtors to replenish and supplement the Retainer, and of each application of the Retainer, are set forth in the Rule 2016 Statement.

19. Within the one (1) year period before the Petition Date, KTBS received payments from the Debtors totaling $1,013,476.60, of which $778,187.23 was received within the ninety (90) days before the Petition Date. The final application of the Retainer, on October 30, 2026, in the amount of $414,913.03, was made on account of KTBS's estimated fees and expenses for the

[2] Like many of its peer law firms, KTBS increases the hourly billing rates of its professionals periodically, typically in January of each year, in the form of annual step increases in the ordinary course on the basis of advancing seniority and promotion. The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines). Accordingly, KTBS does not intend to provide a separate justification for and explanation of each such annual step increase.

period from October 16, 2026 through the Petition Date. KTBS will reconcile its actual prepetition fees and expenses against the amounts applied, and any amount applied in excess of KTBS's actual prepetition fees and expenses will be held as a retainer and applied only as authorized by the Court. KTBS has agreed to waive any prepetition fees and expenses in excess of the amounts applied from the Retainer. Accordingly, KTBS is not a creditor of the Debtors, and KTBS will not seek payment of any prepetition fees or expenses.

20. KTBS will maintain detailed, contemporaneous time records in tenth-of-an-hour increments and apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any additional procedures that may be established by the Court in the Cases. KTBS contemplates using the following billing categories:

| **Category** | **Description** |
|---|---|
| Chapter 11 Filing & First Day Pleadings | Petitions, First Day Motions and Declaration, Through Entry of Final Orders for Relief Not Otherwise Categorized |
| Case Administration | Docket, Calendar, Agendas, Stretto Coordination |
| Contested Matters & Litigation | Objections, Adversary Proceedings, Discovery |
| Automatic Stay Matters | Stay Relief Motions, Adequate Protection |
| DIP Financing, Cash Collateral & Cash Management | Outback DIP, Goldman Cash Collateral, Budget Compliance, Bank Accounts |
| Sale Process | Bidding Procedures, Outback Stalking Horse APA, Auction, Sale Order, Closing |
| Executory Contracts & Unexpired Leases | Lease Rejections, Cures, § 365(d)(4), Landlord Issues, Franchise Agreement Assignment |
| Business Operations | Insurance, Gift Cards and Customer Programs, Liquor Licenses, General Operating Issues |
| Vendor Matters | Critical Vendors, 503(b)(9), PACA, Reclamation |
| Utilities | Adequate Assurance, Utility Objections |

| Category | Description |
|---|---|
| Employee Matters | Wages, Benefits, Severance, WARN/Cal-WARN |
| Tax Matters | Tax Motion, Returns, Sales Tax Trust Funds |
| Claims Administration & Objections | Bar Date, Claims Review, Administrative Claims |
| Creditors' Committee & Creditor Communications | Committee Meetings and Negotiations, § 341 Meeting, Creditor Inquiries |
| Corporate Governance | Board Meetings, Consents |
| Schedules, SOFAs & Reporting | Schedules, SOFAs, MORs |
| U.S. Trustee Matters | U.S. Trustee Comments and Communications |
| Avoidance Action Analysis | Chapter 5 Review |
| KTBS Retention & Fee Matters | KTBS Retention, Supplemental Declarations, Fee Applications |
| Other Professionals & Fee Matters | PSZ&J, Stout, Brookwood, Stretto, Ordinary Course Professionals |
| Wind-Down & Case Exit | Structured Conversion, Dismissal, or Plan if Pursued |
| Non-Working Travel | Billed at No More Than 50% of Regular Hourly Rates |

21. It is KTBS's practice to charge its clients for expenses incurred in connection with its representation, including charges for messenger services, air couriers, photocopying, court fees, travel expenses, postage, computerized legal research, investigative searches, transcripts, and filing or recording fees. KTBS charges third-party expenses at their actual cost, without surcharge, and will charge photocopying at rates no greater than those permitted by Local Rule 2016-1(e). KTBS does not charge its clients for word processing, secretarial overtime, or meals.

22. KTBS will apply to the Court for interim and final allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, and any orders entered in the Cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred, including any order entered on the Debtors' *Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief* [Docket No. [___]] (the "**Interim Compensation Motion**"). KTBS will seek compensation for the services of each attorney and paralegal acting on behalf of the Debtors in the Cases at the then-current hourly rates charged for such services as referenced above.

23. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, propose to pay KTBS its hourly rates for services rendered that are in effect from time to time, as set forth above and in the Maoz Declaration, and to reimburse KTBS according to its reimbursement policies, and submit that such rates are reasonable.

24. Other than as set forth above and in the Maoz Declaration, no arrangement is proposed between the Debtors and KTBS for compensation to be paid in the Cases. In addition, KTBS has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

**D. Disinterestedness of KTBS Professionals**

25. To the best of the Debtors' knowledge, information, and belief, and except as otherwise set forth herein and in the accompanying Maoz Declaration, the attorneys comprising or employed by KTBS have not represented and do not have any connection with any of the Debtors, their affiliates, their creditors, or any other party in interest, or their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the same, or any judge in the Bankruptcy Court for the District of Delaware, or any person employed in the offices of the same.

26. As set forth in the Maoz Declaration, KTBS has in the past represented, currently represents, and likely in the future will represent certain parties in interest in the Cases in matters unrelated to the Debtors, the Cases, or such entities' claims against or interests in the Debtors. KTBS is free to be adverse to such parties in connection with the Debtors' Cases.

27. The Debtors understand that except as otherwise set forth in the Maoz Declaration:

(a) Neither KTBS nor any attorney at the Firm holds or represents an interest adverse to the Debtors' estates.

(b) Neither KTBS nor any attorney at the Firm is a creditor, an equity security holder, or an insider of the Debtors.

(c) Neither KTBS nor any attorney at the Firm is or ever was a director, officer, or employee of the Debtors.

(d) KTBS does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

28. In view of the foregoing, the Debtors believe that KTBS is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and does not hold or represent any interest adverse to the Debtors' estates.

29. KTBS has informed the Debtors that KTBS will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in the Cases and that KTBS will promptly update the Maoz Declaration to disclose any pertinent relationships that come to KTBS's attention.

## V. STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

30. KTBS intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Cases in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other

applicable procedures and orders of the Court. KTBS also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by KTBS in the Cases.

31. The following information is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Guidelines:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No. The hourly rates set forth in the Engagement Agreement and disclosed above are consistent with the rates that KTBS charges other chapter 11 clients and the rates that KTBS charges in other non-bankruptcy representations. Furthermore, the hourly rates to be charged in connection with this engagement are not significantly different from the rates of other comparably skilled professionals for similar engagements.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: KTBS represented the Debtors in the twelve (12) months prior to the Petition Date. KTBS was initially retained under the Original Engagement Agreement. However, the Original Engagement Agreement did not extend to any bankruptcy case filings for the Debtors. By an engagement agreement dated October 6, 2026, which amends and restates the Original Engagement Agreement in its entirety, the Debtors engaged KTBS to represent them in commencing and prosecuting the Cases. During the twelve (12) months before the Petition Date, KTBS's hourly rates for the prepetition engagement ranged from \$650 to \$2,275 through December 31, 2025, and from \$575 to \$2,650 from January 1, 2026 through the Petition Date, and the material financial terms of the prepetition engagement were hourly billing, with an evergreen retainer replenished upon the application of invoices. KTBS's billing rates and material financial terms have not changed postpetition. The Application

does not include rate increases other than ordinary course annual step increases. The client was notified at the outset of the engagement that, like most of its peer law firms, KTBS adjusts its hourly rates periodically, typically on January 1 of each year, in the form of step increases in the ordinary course on the basis of advancing experience, seniority, and promotion of KTBS's professionals. The client was further notified immediately upon implementation of the step increases. These step increases do not constitute "rate increases" as that term is used in the U.S. Trustee Guidelines.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: The Debtors, KTBS, and PSZ&J expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, recognizing that in the course of these large chapter 11 cases there may be unforeseeable fees and expenses that will need to be addressed by the Debtors, KTBS, and PSZ&J.

## VI. NOTICE

32. The Debtors will provide notice of the Application to: (i) the U.S. Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) the Prepetition Agent and its counsel; (iv) the Franchisor and DIP Lender and its counsel; (v) the Internal Revenue Service; (vi) the United States Attorney's Office for the District of Delaware; (vii) the offices of the attorneys general for all states in which the Debtors conduct business; (viii) [counsel to any statutory committee appointed in the Cases]; and (ix) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

33. No prior request for the relief sought in this Application has been made to this or any other court.

## VII. CONCLUSION

WHEREFORE, for the reasons set forth herein, in the Maoz Declaration, and in the Goronkin Declaration, the Debtors respectfully request that the Court enter the Proposed Order,

(i) authorizing the employment and retention of KTBS effective as of the Petition Date, on the terms described above, and (ii) granting such other and further relief as is just and proper.

Dated: November 9, 2026

Respectfully submitted,

Cerca Trova Restaurant Group Holdings, Inc., *et al.*,
Debtors and Debtors in Possession

*/s/ David Goronkin*
David Goronkin
Chief Executive Officer