# EXHIBIT D

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. [___]** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KTBS LAW LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[2] of Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") for entry of an order (this "**Order**"), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to employ and retain KTBS Law LLP ("**KTBS**") as counsel for the Debtors, effective as of the Petition Date; and upon consideration of the Rule 2016 Statement, the Maoz Declaration, and the Goronkin Declaration; and the Court being satisfied, based on the representations made in the Application, the Rule 2016 Statement, and the Maoz Declaration, that KTBS does not hold or represent any interest adverse to the Debtors' estates, that KTBS is a "disinterested person" as that term is

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of KTBS is in the best interests of the Debtors' estates and their creditors; and it appearing that the Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 1334 and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that the Application is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of the Cases and of the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Application has been given under the circumstances, and that no other or further notice need be given; and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED, as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, the Debtors are authorized to employ and retain KTBS as their counsel in the Cases, effective as of the Petition Date, on the terms set forth in the Application and the Engagement Agreement, as modified by this Order; provided, however, that KTBS shall be compensated only in accordance with sections 330 and 331 of the Bankruptcy Code.

3. Notwithstanding anything to the contrary in the Engagement Agreement, the Application, or the Maoz Declaration, KTBS shall not seek reimbursement from the Debtors' estates of any fees or expenses incurred in defending any of KTBS's fee applications in the Cases.

4. KTBS shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. KTBS shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by KTBS in the Cases.

5. Prior to any increases in KTBS's rates for any individual retained by KTBS and providing services in the Cases, KTBS shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in the Cases. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

6. Notwithstanding anything contained in the Engagement Agreement to the contrary, the Engagement Agreement does not supersede the requirements of 11 U.S.C. § 327(a) that govern the retention of counsel for the Debtors. KTBS shall make all required disclosures and, in the event a material conflict arises, take all required actions to address and resolve the conflict. To the extent the Application, the Maoz Declaration, or the Engagement Agreement is inconsistent with this Order, the terms of this Order shall govern.

7. KTBS shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Cases, including PSZ&J.

8. KTBS shall not withdraw as counsel to the Debtors during the course of the Cases absent further order of the Court approving such withdrawal.

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

10. The Debtors are authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

11. Notice of the Application shall be deemed good and sufficient notice of the Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

12. This Court retains jurisdiction and power with respect to all matters arising from or related to the implementation of this Order.