**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: November 23, 2026 at 4:00 p.m. (ET)**<br>**Hearing Date: November 30, 2026 at 1:00 p.m. (ET)** |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**")[2] hereby submit this application (the "**Application**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to employ and retain Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**" or the "**Firm**") as co-counsel to the Debtors, effective as of the Petition Date (as defined below). In support of this Application, the Debtors rely on: (i) the Statement Under Rule 2016(b) of the Federal Rules of Bankruptcy

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

Procedure, attached hereto as Exhibit B (the "**Rule 2016 Statement**"); (ii) the *Declaration of Bradford J. Sandler in Support of Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Debtors Effective as of the Petition Date*, attached hereto as Exhibit C (the "**Sandler Declaration**"); (iii) the *Declaration of David Goronkin in Support of Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Debtors Effective as of the Petition Date*, attached hereto as Exhibit D (the "**Goronkin Declaration**"), all of which are submitted concurrently with this Application; and (iv) the *Declaration of David Goronkin in Support of Chapter 11 Petitions and First Day Relief* [Docket No. 4] (the "**First Day Declaration**"). In further support of this Application, the Debtors respectfully represent as follows:

## I. RELIEF REQUESTED

1. By this Application, the Debtors seek entry of the Proposed Order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rule 2014-1, authorizing the Debtors to employ and retain PSZ&J as co-counsel to the Debtors in the Cases, effective as of the Petition Date, on the terms described herein and in the Rule 2016 Statement, the Sandler Declaration, and the Goronkin Declaration.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over the Cases and this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9013-1(f), the Debtors consent to the Court's entry of a final judgment or order with respect to this Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested herein are sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## III. BACKGROUND

5. On November 2, 2026 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") in the Cases. The Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [Docket No. 50].

6. The Debtors operate sixty-one (61) Outback Steakhouse® restaurants in California, Arizona, Colorado, Nevada, and New Mexico as franchisees of Outback Steakhouse of Florida, LLC (the "**Franchisor**"), an affiliate of Bloomin' Brands, Inc., which is also the Debtors' postpetition lender (in such capacity, the "**DIP Lender**") and the stalking horse bidder under an asset purchase agreement dated November 1, 2026. Goldman Sachs Specialty Lending Group, L.P. is the administrative and collateral agent (the "**Prepetition Agent**") under the Debtors' prepetition secured credit facility. The Debtors commenced the Cases to pursue a sale of substantially all of their assets under section 363 of the Bankruptcy Code.

7. Additional information regarding the Debtors, including their business, capital structure, and the events leading to the commencement of the Cases, is set forth in the First Day Declaration, incorporated herein by reference.

## IV. PSZ&J'S QUALIFICATIONS

8. The Debtors seek to retain PSZ&J as co-counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, including in this district. In preparing for their representation of the Debtors in the Cases, PSZ&J has become familiar with the Debtors' affairs and many of the potential legal issues that may arise in the context of the Cases. PSZ&J will serve as Delaware co-counsel to the Debtors, working together with KTBS Law LLP ("**KTBS**"), which the Debtors have selected as their lead restructuring counsel and are seeking to retain by separate application. PSZ&J will report directly to the Debtors' management and will coordinate its work with KTBS.

9. The professional services that PSZ&J will provide include:

(a) assisting in preparing schedules of assets and liabilities, statements of financial affairs, lists of creditors and equity security holders, and the master mailing list;

(b) assisting in preparing, where appropriate, motions and other papers relating to the assumption or rejection of executory contracts or unexpired leases, postpetition financing arrangements and use of cash collateral, or the sale of assets;

(c) appearing at the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code;

(d) representing the Debtors at hearings in this Court concerning the Debtors or the Cases;

(e) representing the Debtors in litigation in this Court related to bankruptcy issues;

(f) advising the Debtors and KTBS regarding Delaware local rules, practices, and procedures, and, in coordination with KTBS, preparing and filing pleadings and other papers, coordinating service, and preparing hearing agendas; and

(g) assisting KTBS in advising the Debtors regarding their rights and responsibilities as debtors in possession under the Bankruptcy Code and the Bankruptcy Rules.

10. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The current standard hourly rates of the attorneys and paralegals of PSZ&J are as follows:

| | |
|---|---|
| Partners | $1,150.00 to $2,695.00 per hour |
| Counsel | $1,175.00 to $2,050.00 per hour |
| Associates | $795.00 to $950.00 per hour |
| Paralegals | $625.00 to $695.00 per hour |

11. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to compensate PSZ&J fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses, and the rates are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with its clients' cases. These expenses include, among other things, costs related to messenger services, secretarial overtime, computerized legal research, filing fees, court fees, service costs, expert witnesses, records procurement, deposition fees and charges, costs of trial, telecopy charges, postage, and photocopying. PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with those charged to other PSZ&J clients and the rules and requirements of the Court. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

12. The PSZ&J professionals presently expected to have primary responsibility for this engagement, and their current standard hourly rates, are: Bradford J. Sandler ($2,175.00); Peter J. Keane ($1,375.00); Mary F. Caloway ($1,750.00); William F. LeRoux ($795.00);

Andrea T Bates ($695.00); and Patricia E. Cuniff ($650.00). PSZ&J will file a notice of any increase in its hourly rates with the Court and provide ten (10) business days' notice of any such increase to the Debtors, the U.S. Trustee, and any statutory committee appointed in the Cases before such increase takes effect.

13. The services of PSZ&J will complement and not duplicate the services rendered by KTBS or any other professional retained in the Cases. PSZ&J understands that the Debtors have retained and may retain additional professionals during the term of the engagement and agrees to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors. PSZ&J is providing distinct and specific legal services as set forth herein and in the Sandler Declaration, and such services are not expected to duplicate those to be provided by any other consultants, legal advisors, or financial advisors.

14. To the best of the Debtors' knowledge, except as otherwise disclosed in the Sandler Declaration submitted concurrently herewith and other than PSZ&J's prepetition representation of the Debtors described herein, PSZ&J has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Further, to the best of the Debtors' knowledge, PSZ&J does not hold or represent any interest adverse to the Debtors' estates, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtors' estates and their creditors.

15. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $100,000.00 in connection with its prepetition representation of the Debtors. The dates and amounts of such payments, and the amounts applied to prepetition

fees and expenses, are set forth in the Rule 2016 Statement. Of such payments, $100,000.00 was received within the ninety (90) days before the Petition Date. PSZ&J is current as of the Petition Date but has not yet completed a final reconciliation of its prepetition fees and expenses. Upon final reconciliation of the amount expended prepetition, any balance remaining from the prepetition payments to PSZ&J will be credited to the Debtors and used as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by the Court in accordance with the Bankruptcy Code.

16. The Debtors request that the retention of PSZ&J be effective as of the Petition Date. PSZ&J has rendered services to the Debtors in connection with the preparation for and commencement of the Cases, including assisting KTBS with the preparation and filing of the Debtors' first-day pleadings, since before the Petition Date, and has continued to do so since the Petition Date. The Debtors believe that retention effective as of the Petition Date is appropriate so that PSZ&J may be compensated for those services, and that no party in interest will be prejudiced thereby.

17. The Debtors understand that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court for all services performed and expenses incurred after the Petition Date. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, propose to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the Sandler Declaration, and to reimburse PSZ&J according to its customary reimbursement policies, and the Debtors submit that such rates are reasonable.

## V. NOTICE

18. The Debtors will provide notice of this Application to: (i) the U.S. Trustee; (ii) the Prepetition Agent and its counsel; (iii) the Franchisor and DIP Lender and their counsel; (iv) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (v) counsel to any statutory committee appointed in the Cases; and (vi) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## VI. NO PRIOR REQUEST

19. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, (a) granting the relief requested herein and (b) granting such other and further relief as the Court deems just and proper.

Dated: November 9, 2026

Respectfully submitted,

Cerca Trova Restaurant Group Holdings, Inc., *et al.*,
Debtors and Debtors in Possession

*/s/ David Goronkin*
David Goronkin
Chief Executive Officer