**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. [___]** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**" or the "**Firm**") as co-counsel to the Debtors; and upon: (i) the Rule 2016 Statement; (ii) the Sandler Declaration; and (iii) the Goronkin Declaration, which were submitted concurrently with the Application; and the Court being satisfied, based on the representations made in the Application, the Rule 2016 Statement, the Sandler Declaration, and the Goronkin Declaration, that PSZ&J does not hold or represent any interest adverse to the Debtors' estates, that PSZ&J is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of PSZ&J is necessary and in the best interests of the Debtors' estates and their creditors; and the Court having jurisdiction over this matter pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain PSZ&J as co-counsel to the Debtors, effective as of the Petition Date, on the terms set forth in the Application, the Rule 2016 Statement, the Sandler Declaration, and the Goronkin Declaration, subject to the terms of this Order.

3. PSZ&J shall use its reasonable efforts to avoid any duplication of services provided by KTBS or any of the Debtors' other retained professionals in the Cases.

4. PSZ&J shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. PSZ&J shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and*

*Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, both in connection with the Application and any interim and final fee applications to be filed by PSZ&J in the Cases.

5. PSZ&J shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in the Cases before any increases in the rates set forth in the Application or the Sandler Declaration are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

7. To the extent there is any inconsistency between the Application, the Rule 2016 Statement, the Sandler Declaration, the Goronkin Declaration, and this Order, the terms of this Order shall govern.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.