# EXHIBIT D

## Goronkin Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered) |

**DECLARATION OF DAVID GORONKIN IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

I, David Goronkin, hereby declare under penalty of perjury as follows:

1. I am the Chief Executive Officer of Cerca Trova Restaurant Group Holdings, Inc. (together with its affiliated debtors and debtors in possession, the "**Debtors**"). In my capacity, I am familiar with all aspects of the Debtors' decision to employ and retain Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**" or the "**Firm**") as co-counsel with respect to the Cases. I submit this Declaration in support of the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Debtors Effective as of the Petition Date* (the "**Application**").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

**THE DEBTORS' SELECTION OF PSZ&J AS CO-COUNSEL**

2. The Debtors have selected PSZ&J to serve as co-counsel, with KTBS Law LLP ("**KTBS**") as lead counsel.

3. The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 Delaware counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

4. To that end, the review process used by the Debtors here assessed potential Delaware counsel based on their expertise with the relevant legal issues and in similar proceedings. Using this review process, the Debtors selected PSZ&J to serve as Delaware counsel, particularly given PSZ&J's experience in prior chapter 11 cases in this Court. Since that time, PSZ&J has advised the Debtors and KTBS on local rules, practice, and procedures with respect to various restructuring issues.

5. Ultimately, the Debtors retained PSZ&J because of its extensive experience in corporate reorganizations, both out of court and under chapter 11 of the Bankruptcy Code, and in particular regarding Delaware practice and procedures. Thus, I believe that PSZ&J is well-qualified to represent the Debtors in the Cases as co-counsel in an efficient and timely manner.

**RATE STRUCTURE**

6. I am responsible for supervising expenditures to outside counsel retained by the Debtors in the ordinary course of business. PSZ&J has informed the Debtors that its rates are consistent between bankruptcy representations, including related transactional and litigation services. PSZ&J has informed the Debtors that its current hourly rates apply to non-bankruptcy services, if any, provided by the Firm, unless a contingent fee, mixed contingent fee, flat fee, or blended rate arrangement is agreed upon. PSZ&J has also informed the Debtors that the Firm

does not maintain separate departments devoted to other legal practices different from the bankruptcy and insolvency areas, and thus the Firm does not have different billing rates and terms for non-bankruptcy engagements that can be compared to the billing rates and terms for the Debtors' engagement of PSZ&J. As discussed below, I am also responsible for reviewing the invoices regularly submitted by PSZ&J and can confirm that the rates PSZ&J charged the Debtors in the prepetition period are the same as the rates PSZ&J proposes to charge the Debtors in the postpetition period. PSZ&J has informed the Debtors that the Firm's standard hourly rates are subject to periodic adjustment in accordance with the Firm's practice.

## COST SUPERVISION

7. The Debtors and PSZ&J expect to develop a prospective budget and staffing plan for the postpetition period, recognizing that in the course of these large chapter 11 cases there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and PSZ&J. The Debtors recognize that it is their responsibility to monitor closely the billing practices of Delaware counsel to ensure that the fees and expenses paid by the Debtors' estates remain consistent with the Debtors' expectations and the exigencies of the Cases. The Debtors will continue to review in a timely fashion the invoices that PSZ&J regularly submits and will, together with PSZ&J and KTBS, periodically amend the budget and staffing plans as the Cases develop.

8. The Debtors will continue to bring discipline, predictability, client involvement, and accountability to the Delaware counsel fees and expenses reimbursement process. While every chapter 11 case is unique, the budgets will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 9, 2026

*/s/ David Goronkin*
David Goronkin
Chief Executive Officer