# **Exhibit A**

## **Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. ___** |

**ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors'

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to retain and compensate the professionals identified on the OCP List (collectively, the "OCPs"), attached hereto as **Schedule 1** in the ordinary course of business pursuant to the following OCP Procedures:

a. Within 30 days after the later of (i) the date of entry of the Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall file, or cause to be filed, a declaration of disinterestedness, substantially in the form attached as Schedule 2 to the Order (each, a "Declaration of Disinterestedness"), with the Court and served upon: (i) proposed counsel to the Debtors, (a) KTBS Law LLP, 1801 Century Park East, Twenty-Sixth Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin (mtuchin@ktbslaw.com) and Nir Maoz (nmaoz@ktbslaw.com), and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier: 19801), Attn: Bradford J. Sandler (bsandler@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com); (ii) counsel to the Prepetition Agent, (a) Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603, Attn: Danielle Juhle (danielle.juhle@goldbergkohn.com) and Drake Saffell (drake.saffell@goldbergkohn.com), and (b) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: John H. Knight (knight@rlf.com); (iii) counsel to the Franchisor and DIP Lender, BakerHostetler LLP, 127 Public Square, Suite 2000, Cleveland, Ohio 44114, Attn: Michael A. VanNiel (mvanniel@bakerlaw.com) and Alexis Beachdell (abeachdell@bakerlaw.com); (iv) counsel to any statutory committee appointed

in these Cases (the "**Committee**"); (v) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda J. Casey (linda.casey@usdoj.gov) and (vi) parties entitled to notice in the Cases pursuant to Local Rule 2002-1(b) (collectively, the "**Notice Parties**").

b. The Notice Parties shall have 14 days after the date of filing of each OCP's Declaration of Disinterestedness (the "**Objection Deadline**") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c. If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized, but not directed, to (i) retain such OCP as of the date such OCP commenced providing services to the Debtors, and (ii) compensate such OCP as set forth below.

d. The Debtors are authorized, but not directed, to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to each OCP set forth on **Schedule 1** attached hereto, excluding costs and disbursements, may not exceed the monthly amount set forth in **Schedule 1** (the "**OCP Cap**"). The OCP Cap may be increased by mutual written agreement between the Debtors, the U.S. Trustee, the DIP Lender, the Committee, and any other statutory committee appointed in these Cases, as applicable; *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase

e. To the extent that fees payable to any OCP exceed the OCP Cap, the OCP shall file a fee application (a "**Fee Application**") with the Court for the amount in excess of the OCP Cap pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the U.S. Trustee, and any applicable orders of the Court, unless the U.S. Trustee, Required DIP Lenders and Committee agree otherwise.

f. Beginning on the quarter ending January 31, 2027, and for each quarter thereafter during which these Cases are pending, the Debtors shall, within 30 days thereof, file with the Court and serve on the Notice Parties a statement

with respect to each OCP paid during the immediately preceding quarterly period (the "**Quarterly Statement**"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

g. The Debtors reserve the right to retain additional OCPs from time to time during these Cases by including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties and having such OCPs comply with the OCP Procedures.

3. The Debtors are authorized, but not directed, to supplement the OCP List as necessary to add or remove OCPs from time to time without the need for any further hearing and without the need to file individual retention applications for newly added OCPs; *provided* that the fees paid to any additional OCPs do not exceed the OCP Cap. The Debtors shall file any amended OCP List with the Court and shall serve such list on the Notice Parties. Each additional OCP listed in the OCP List shall file with the Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are filed within 14 days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by the Court pursuant to this Order without a hearing or further order.

4. Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Cap, subject to the rights of any party in interest to oppose any such request.

5. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity, or

priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors against any person or entity under the Bankruptcy Code or any other applicable law.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**OCP List**

| Professional | Address | Services Provided | Monthly OCP Cap |
|---|---|---|---|
| K&L Gates LLP | 10100 Santa Monica Blvd., 8th Floor<br>Los Angeles, CA 90067<br>Attention: Gene C. Ryu | Litigation and employment counsel, including wage-and-hour litigation and employment regulatory investigations | $45,000 |
| Skene Law Firm, P.C. | 2614 Route 516, 2nd Floor<br>Old Bridge, NJ 08857<br>Attention: Lisa Miller | Liquor license counsel | $10,000 |
| Akerman LLP | 633 West Fifth Street, Suite 6400<br>Los Angeles, CA 90071<br>Attention: William D. Ellis | Real estate, leasing, and corporate counsel | $10,000 |
| Fisher Philips | 515 South Flower Street<br>Suite 1200<br>Los Angeles, CA 90071<br>Attention: Nathan Okelberry | Litigation counsel | $5,000 |
| Davis Wright Tremaine LLP | 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071<br>Attention: Sean Sullivan | Litigation counsel | $5,000 |
| Baker Tilly Advisory Group, LP | 14555 Dallas Parkway<br>Suite 300<br>Dallas, TX 75254 | Tax compliance and advisory services | $40,000 |

## Schedule 2

## Form of Declaration of Disinterestedness

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT TO THE ORDER AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [NAME], declare under penalty of perjury as follows:

1. I am a [POSITION] of [ENTITY], located at [ADDRESS] (the "Firm").

2. Cerca Trova Restaurant Group Holdings, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in these chapter 11 cases. However, the Firm does not perform services for any such person relating to these chapter 11 cases and does not have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7. As of February 11, 2026 (the "Petition Date"), the Debtors owed the Firm $[●] for prepetition services, the payment of which is subject to the limitations contained in title 11 of the United States Code (the "Bankruptcy Code").

8. [**FOR LEGAL SERVICES FIRMS**: [As of the Petition Date, the Firm was retained to provide professional services to the Debtors. // The Firm was retained on [●].]

9. [**FOR NON-LEGAL SERVICES FIRMS**: The Firm is either not owed any amounts for prepetition services or has agreed to waive all unpaid amounts for prepetition services. The Firm was retained on [●].]

10. [As of the Petition Date, the Firm was retained to provide professional services to the Debtors. // The Firm was retained on [●].]

11. As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as **Exhibit 1** hereto.]

12. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: ___________

_____________________________________
[**DECLARANT'S NAME**]