# EXHIBIT C

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. [___]** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF STOUT RISIUS ROSS, LLC AS FINANCIAL ADVISOR TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[2] of Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") for entry of an order (this "**Order**"), pursuant to sections 327, 328, 329, and 1107 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2014(a), 2016(b), and 9013 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Debtors to retain and employ Stout Risius Ross, LLC ("**Stout**") as their financial advisor, effective as of the Petition Date, on the terms of the Engagement Letter; and upon the Brickley Declaration; and the Court being satisfied, based on the representations made in the Application and the Brickley Declaration, that (i) Stout does not hold or represent an interest adverse to the Debtors' estates, and (ii) Stout is a "disinterested

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and the Court having found that the employment of Stout is necessary and that the relief requested in the Application is in the best interests of the Debtors' estates and their creditors; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of the Application and the opportunity for a hearing thereon having been given under the circumstances, and no other or further notice being necessary; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain Stout as financial advisor for the Debtors in the Cases, effective as of the Petition Date, on the terms set forth in the Application and the Engagement Letter, as modified by this Order.

3. Stout shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Cases, including Brookwood Associates, L.L.C., KTBS Law LLP, and Pachulski Stang Ziehl & Jones LLP.

4. Stout shall file fee applications for interim and final allowance of hourly compensation and reimbursement of expenses incurred in connection with these services performed for the Debtors in the Cases in accordance with sections 330 and 331 of the

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court establishing procedures for interim compensation and reimbursement of expenses of professionals, and shall maintain contemporaneous time records in one-tenth (0.1) hour increments in compliance with Local Rule 2016-1(d).

5. Stout shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any statutory committee appointed in the Cases before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. In the event that, during the pendency of the Cases, Stout seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Stout's fee applications and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code; *provided*, *however*, that Stout shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Stout's fee applications in the Cases.

7. Stout shall not be entitled to reimbursement for fees and expenses (including the fees and expenses of its counsel) incurred in connection with the defense of any of its fee applications or any objection to its fees.

8. Notwithstanding anything in the Application, the Engagement Letter, or the Brickley Declaration to the contrary:

a) Stout and its subsidiaries shall not act in any other capacity except as described in the Application and the Engagement Letter (for example, and without limitation, Stout and its affiliates shall not provide investment banking services or act as investor/acquirer) in connection with the Cases;

b) In the event the Debtors seek to have Stout personnel assume executive officer positions, or to materially change the terms of the engagement by either: (i) materially modifying the functions of personnel, or (ii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed;

c) No principal, employee or independent contractor of Stout and its subsidiaries shall serve as an officer or director of any of the above-captioned Debtors during the pendency of the Cases; and

d) For a period of three (3) years after the conclusion of the engagement, neither Stout nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors, as applicable.

9. To the extent Stout uses the services of independent contractors or subcontractors (collectively, the "**Contractors**") in the Cases, Stout shall (i) pass through the cost of such Contractors to the Debtors at the same rate that Stout pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Stout; and (iv) file with the Court such disclosures as are required by Bankruptcy Rule 2014.

10. The indemnification, contribution, and reimbursement provisions set forth in section 8(a) of the Professional Terms are approved, subject to the following modifications during the pendency of the Cases: (a) Stout shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court; (b) the Debtors shall have no obligation to indemnify Stout, or provide contribution or reimbursement to Stout, for any claim

or expense to the extent that it is either (i) judicially determined (the determination having become final) to have arisen from Stout's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any), (ii) for a contractual dispute in which the Debtors allege the breach of Stout's contractual obligations under the Engagement Letter, unless the Court determines that indemnification, contribution, or reimbursement would be permissible under applicable law, or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which Stout should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; (c) if, before the earliest of (i) the entry of an order confirming a chapter 11 plan in the Cases (that order having become a final order no longer subject to appeal), (ii) the entry of an order converting or dismissing the Cases, and (iii) the entry of an order closing the Cases, Stout believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including the advancement of defense costs, Stout must file an application therefor in the Court, and the Debtors may not pay any such amounts to Stout before the entry of an order by the Court approving the payment; this clause (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request by Stout for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Stout, and all parties in interest shall retain the right to object to any demand by Stout for indemnification, contribution, and/or reimbursement; and (d) the limitation-of-liability provisions of the Engagement Letter, including section 8(b) of the Professional Terms, are not approved and shall be of no force or effect during the pendency of the Cases.

11. To the extent the Application, Brickley Declaration, or Engagement Letter are inconsistent with this Order, the terms of this Order shall control.

12. Notwithstanding any provision of the Engagement Letter to the contrary, including the forum-selection provision in section 17(i) of the Professional Terms, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and Stout's engagement.