# EXHIBIT C

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. [___]** |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BROOKWOOD ASSOCIATES, L.L.C. AS INVESTMENT BANKER TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE, (II) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS, AND (III) GRANTING RELATED RELIEF**

Upon the application (the "**Application**")[2] of Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") for entry of an order (this "**Order**"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) authorizing the Debtors to retain and employ Brookwood Associates, L.L.C. ("**Brookwood**") as their investment banker, effective as of the Petition Date, on the terms of the Engagement Agreement, (ii) waiving certain time-keeping requirements of Local Rule 2016-1(d) as to Brookwood, and (iii) granting related relief; and upon the Gandhi Declaration; and the

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

Court being satisfied, based on the representations made in the Application and the Gandhi Declaration, that Brookwood does not hold or represent an interest adverse to the Debtors' estates and is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates and their creditors; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and the Application being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain and employ Brookwood as their investment banker in the Cases, effective as of the Petition Date, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, on the terms and conditions set forth in the Engagement Agreement, as modified by this Order.

3. Brookwood shall use reasonable efforts to avoid any unnecessary duplication of services provided by any of the Debtors' other retained professionals, including Stout Risius Ross, LLC.

4. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court, or any guidelines regarding submission and approval

of fee applications, in light of services to be provided by Brookwood and the structure of Brookwood's compensation pursuant to the Engagement Agreement, Brookwood and its professionals shall be granted a limited waiver of the time-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-1(d), the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (28 C.F.R. Part 58, Appendix A), and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Engagement Agreement. Brookwood shall maintain reasonably detailed summary time records in half-hour increments, which records shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed, which records shall be submitted with any fee applications filed by or on behalf of Brookwood.

5. Notwithstanding anything to the contrary in the Engagement Agreement, (a) Brookwood shall not be entitled to reimbursement of the fees and expenses of its legal counsel except to the extent provided in an amendment to the Engagement Agreement approved by the Court and included in a fee application filed by Brookwood, together with such counsel's invoices and time records, which fees and expenses shall be subject to the standards of section 330 of the Bankruptcy Code and Local Rule 2016-1(f) and shall not exceed $25,000 in the aggregate absent further order of the Court; and (b) Brookwood shall not seek reimbursement of any fees or expenses (including the fees of its counsel) incurred in defending any of Brookwood's fee applications in the Cases.

6. Compensation and expense reimbursement of Brookwood will be paid under the terms of the Engagement Agreement without the need to file any monthly or interim applications for compensation and reimbursement of expenses. Brookwood shall file a final application for

compensation and reimbursement of expenses which shall be subject to approval by the Court after a request made in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other orders of the Court.

7. Brookwood's compensation and expense reimbursement under the Engagement Agreement, as modified by this Order, including the Advisory Fees and the Sale Transaction Fee, are approved pursuant to section 328(a) of the Bankruptcy Code and shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code, and shall not be subject to any other standard of review, including under section 330 of the Bankruptcy Code; provided, however, that the U.S. Trustee shall retain the right to object to Brookwood's requests for compensation and reimbursement of expenses based on the reasonableness standard provided in section 330 of the Bankruptcy Code.

8. Brookwood shall not withdraw as investment banker to the Debtors during the course of the Cases absent further order of the Court approving such withdrawal.

9. The indemnification, contribution, reimbursement, and limitation-of-liability provisions of the Engagement Agreement are approved, subject to the following modifications during the pendency of the Cases: (a) Brookwood shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court; (b) the Debtors shall have no obligation to indemnify Brookwood, or provide contribution or reimbursement to Brookwood, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final) to have arisen from Brookwood's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any),

(ii) for a contractual dispute in which the Debtors allege the breach of Brookwood's contractual obligations under the Engagement Agreement, unless the Court determines that indemnification, contribution, or reimbursement would be permissible under applicable law, or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing, to be a claim or expense for which Brookwood should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order; (c) if, before the earliest of (i) the entry of an order confirming a chapter 11 plan in the Cases (that order having become a final order no longer subject to appeal), (ii) the entry of an order converting or dismissing the Cases, and (iii) the entry of an order closing the Cases, Brookwood believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, Brookwood must file an application therefor in the Court, and the Debtors may not pay any such amounts to Brookwood before the entry of an order by the Court approving the payment; this clause (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request by Brookwood for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Brookwood, and all parties in interest shall retain the right to object to any demand by Brookwood for indemnification, contribution, and/or reimbursement; and (d) any limitation on Brookwood's liability under the Engagement Agreement shall be of no force or effect with respect to losses resulting from Brookwood's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any).

10. In the event of any inconsistency among the Engagement Agreement, the Application, and this Order, this Order shall govern.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

12. The Debtors and Brookwood are authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

13. Notice of the Application shall be deemed good and sufficient notice of the Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and Brookwood's engagement, notwithstanding any provision of the Engagement Agreement to the contrary (including the forum-selection provision in section G thereof).