**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: November 23, 2026 at 4:00 p.m. (ET)**<br>**Hearing Date: November 30, 2026 at 1:00 p.m. (ET)** |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT OF STRETTO, INC. AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") hereby submit this application (the "**Application**") for entry of an order, substantially in the form attached hereto as Exhibit C (the "**Proposed Order**"), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) authorizing the Debtors to retain and employ Stretto, Inc. ("**Stretto**") as their administrative advisor ("**Administrative Advisor**"), effective as of the Petition Date (as defined below), on the terms of the services agreement between Stretto and the Debtors, dated October 7, 2026 (the "**Services Agreement**"), a copy of which is attached hereto as Exhibit A-1, and (ii) granting related relief. In support of the Application, the Debtors submit the *Declaration of*

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

*Sheryl Betance in Support of Debtors' Application for Entry of an Order Authorizing the Employment of Stretto, Inc. as Administrative Advisor Effective as of the Petition Date* (the "**Betance Declaration**"), attached hereto as Exhibit B. In further support of the Application, the Debtors respectfully represent as follows:

## I. JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over the Cases and the Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of the Cases and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the Court's entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The bases for the relief requested herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1.

## II. BACKGROUND

4. On November 2, 2026 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 4, 2026, the Court entered an order authorizing the joint administration of the Cases for procedural purposes only. Docket No. 50.

No trustee or examiner has been appointed in the Cases, and, as of the date hereof, no statutory committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").

5. The Debtors operate sixty-one (61) Outback Steakhouse® restaurants in California, Arizona, Colorado, Nevada, and New Mexico as franchisees of Outback Steakhouse of Florida, LLC (the "**Franchisor**"), an affiliate of Bloomin' Brands, Inc. Goldman Sachs Specialty Lending Group, L.P. is the administrative and collateral agent (the "**Prepetition Agent**") under the Debtors' prepetition secured credit facility. The Debtors commenced the Cases to pursue a sale of substantially all of their assets under section 363 of the Bankruptcy Code.

6. Additional information about the Debtors' business, capital structure, and the circumstances leading to the Cases is set forth in the *Declaration of David Goronkin in Support of Chapter 11 Petitions and First Day Relief* [Docket No. 4] (the "**First Day Declaration**"), incorporated herein by reference.

## III. STRETTO'S QUALIFICATIONS

7. Stretto has acted as administrative advisor in numerous chapter 11 cases of comparable size and complexity, including several cases pending in this District: *In re BioXcel Therapeutics Inc.*, Case No. 26-11360 (TMH) (Bankr. D. Del. Sept. 23, 2026); *In re Omnis Pleasants, LLC*, Case No. 26-11169 (KBO) (Bankr. D. Del. Aug. 31, 2026); *In re Searles Valley Minerals Inc.*, Case No. 26-10966 (BLS) (Bankr. D. Del. July 13, 2026); *In re SiFi Network Am., LLC*, Case No. 26-10912 (BLS) (Bankr. D. Del. July 6, 2026); *In re TRM NRE Holding LLC*, Case No. 26-10568 (KBO) (Bankr. D. Del. June 3, 2026); *In re BY Hotel SPE-3 LLC*, Case No. 26-10324 (JKS) (Bankr. D. Del. Aug. 4, 2026); *In re Archblock LLC*, Case No. 26-10152 (CTG)

(Bankr. D. Del. Mar. 13, 2026); *In re Grand Slam Track*, Case No. 25-12188 (KBO) (Bankr. D. Del. Mar. 6, 2026); *In re FLOAT Alaska LLC*, Case No. 26-10075 (CTG) (Bankr. D. Del. Mar. 3, 2026); and *In re iRobot Corp.*, Case No. 25-12197 (BLS) (Bankr. D. Del. Jan. 8, 2026).

## IV. SERVICES TO BE PROVIDED

8. Pursuant to the Services Agreement, the Debtors seek to employ Stretto to provide the following bankruptcy administration advisory services ("**Administrative Advisor Services**"), if and to the extent requested:

(a) preparation of schedules of assets and liabilities, statements of financial affairs, and monthly operating reports;

(b) claims analysis and reconciliation, including avoidance actions;

(c) plan balloting and vote tabulation; and

(d) bankruptcy disbursements and distributions.

9. Stretto's employment as Administrative Advisor will provide the Debtors with experienced professionals and services that are essential to the efficient administration of the Cases. Stretto will coordinate with the Debtors' other retained professionals in the Cases to avoid any unnecessary duplication of services. Accordingly, the relief requested in the Application is in the best interests of the Debtors' estates and their creditors.

## V. COMPENSATION

10. Under the Services Agreement, Stretto charges for Administrative Advisor Services under a separate rate structure, a copy of which is attached hereto as Exhibit A-2 (the "**Administrative Advisor Services Rate Sheet**").[2] Stretto's current hourly rates for Administrative Advisor Services are as follows: Associate, $350; Senior Associate, $475;

[2] The Services Agreement provides that Administrative Advisor Services are charged under a separate rate structure provided upon request. That rate structure is the Administrative Advisor Services Rate Sheet attached hereto as Exhibit A-2, and Stretto will charge for Administrative Advisor Services in the Cases at the rates set forth therein, subject to the Court's approval.

Director, $550; and Managing Director and Senior Managing Director, $625 to $705. The Debtors submit that Stretto's rates are competitive and comparable to the rates competitors charge for similar services. The Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Stretto as Administrative Advisor. The Debtors believe Stretto's rates are reasonable given the quality of Stretto's services and bankruptcy expertise. Additionally, Stretto will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Services Agreement.

11. Prior to the Petition Date, the Debtors provided Stretto an advance in the amount of $15,000. Pursuant to the Order Appointing Stretto, Inc. as Claims and Noticing Agent [Docket No. 52] (the "**Clerk Services Order**"), Stretto was authorized to apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount and to hold the advance under the Services Agreement during the Cases as security for the payment of fees and expenses incurred under the Services Agreement. However, Stretto will not apply the advance to any fees and expenses incurred as Administrative Advisor to the Debtors unless and until such fees and expenses have been allowed by the Court in accordance with the order granting the Application.

12. Stretto intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date for Administrative Advisor Services in accordance with sections 330 and 331 of the Bankruptcy Code. Stretto will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in the Cases regarding professional compensation and reimbursement of expenses, including any order establishing procedures for interim compensation and reimbursement of expenses of retained professionals. Stretto will invoice Administrative Advisor Services

separately from the services provided under the Clerk Services Order, and will not seek payment of fees or expenses for Administrative Advisor Services pursuant to the Clerk Services Order.

13. Additionally, under the terms of the Services Agreement, the Debtors have agreed to indemnify and hold harmless Stretto and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Services Agreement, except in circumstances resulting from Stretto's gross negligence, willful misconduct, bad faith, self-dealing, or breach of the Services Agreement, or as otherwise provided in the Services Agreement or Proposed Order. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary for employment of an Administrative Advisor in the Cases.

## VI. DISINTERESTEDNESS

14. Stretto has conducted a conflicts analysis to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Betance Declaration, Stretto is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

15. Stretto believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest. Stretto will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## VII. BASIS FOR RELIEF

16. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

17. Bankruptcy Rule 2014(a)(2) requires that an application for employment state specific facts showing the need for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, and any person employed in the office of the U.S. Trustee. Fed. R. Bankr. P. 2014(a)(2).

18. Recognizing the size and complexity of the Cases, the Debtors submit that employing Stretto as Administrative Advisor pursuant to the terms of the Services Agreement is necessary and in the best interests of the Debtors' estates and their creditors. The Debtors also believe that the terms and conditions of the Administrative Advisor Services as set forth in the Services Agreement are reasonable in light of the anticipated high volume of creditors and other parties in interest that will be involved in the Cases.

19. The Debtors believe that administration of the Cases will require Stretto to perform duties outside of the scope authorized in the Clerk Services Order. Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtors' Cases, and the complexity of such Cases,

the Debtors request the Court enter an order employing Stretto as the Administrative Advisor in the Cases pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## VIII. NOTICE

20. The Debtors will provide notice of this Application to: (i) the U.S. Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) the Prepetition Agent and its counsel; (iv) the Franchisor, in its capacities as franchisor and as the Debtors' postpetition lender, and its counsel; (v) the Internal Revenue Service; (vi) the United States Attorney's Office for the District of Delaware; (vii) the offices of the attorneys general for all states in which the Debtors conduct business; and (viii) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## IX. NO PRIOR REQUEST

21. No prior request for the relief sought in this Application has been made to this or any other court.

## X. CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as Exhibit C, granting the relief requested herein and such other relief as the Court may deem just and appropriate.

Dated: November 9, 2026

Respectfully submitted,

Cerca Trova Restaurant Group Holdings, Inc., *et al.*,
Debtors and Debtors in Possession

*/s/ David Goronkin*
David Goronkin
Chief Executive Officer