# EXHIBIT C

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT OF**
**STRETTO, INC. AS ADMINISTRATIVE ADVISOR**
**FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "**Application**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order authorizing the Debtors to employ Stretto, Inc. ("**Stretto**") as administrative advisor ("**Administrative Advisor**") effective as of the Petition Date pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016, all as more fully set forth in the Application; and upon the Betance Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C.

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

§§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates and their creditors; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Application is approved as set forth herein.

2. The Debtors are authorized to employ and retain Stretto as Administrative Advisor effective as of the Petition Date, and Stretto is authorized to perform the Administrative Advisor Services described in the Application.

3. This Order shall not apply to services performed by Stretto under the Clerk of the Court's delegation of duties permitted by 28 U.S.C. § 156(c). Stretto shall not seek compensation for Administrative Advisor Services pursuant to the Clerk Services Order, and shall not seek compensation for services provided under the Clerk Services Order pursuant to this Order.

4. Stretto is authorized to take such other action as may be reasonable or necessary to comply with all duties set forth in the Application.

5. Stretto shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Cases.

6. Stretto shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date for Administrative Advisor Services, at the rates set forth in the Administrative Advisor Services Rate Sheet, pursuant to sections 330 and 331 of the Bankruptcy Code and this Order, and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in the Cases regarding professional compensation and reimbursement of expenses.

7. Stretto shall provide ten (10) business days' notice of any increase in its rates for Administrative Advisor Services to the Debtors, the U.S. Trustee, and any statutory committee appointed in the Cases, and shall file such notice with the Court. Stretto shall not apply the advance held under the Services Agreement to any fees or expenses incurred as Administrative Advisor unless and until such fees and expenses are allowed by the Court.

8. The Debtors shall indemnify the Indemnified Parties (as defined in the Services Agreement) under the terms of the Services Agreement, as modified pursuant to this Order.

9. The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

10. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that: (i) results from Stretto's gross negligence, willful misconduct, fraud, bad faith, or self-dealing; (ii) results from Stretto's breach of the Services Agreement; or (iii) is settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense

for which the Indemnified Parties should not receive indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order.

11. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Cases (that order having become a final order no longer subject to appeal), (b) the entry of an order converting the Cases to cases under chapter 7 of the Bankruptcy Code, or (c) the entry of an order closing the Cases, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Services Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Parties must file an application therefor in the Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by the Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement.

12. The limitation of liability section in paragraph 10 of the Services Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

13. The Debtors and Stretto are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. Notwithstanding any term in the Services Agreement to the contrary (including paragraphs 15 and 16 of the Services Agreement), the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

15. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

17. In the event of any inconsistency between the Services Agreement, the Application, and this Order, this Order shall govern.