**Exhibit A**
**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[3]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>Ref. Docket No. [__] |

**ORDER (I) APPROVING PROCEDURES FOR THE SALE OF DE MINIMIS ASSETS, INCLUDING LIQUOR LICENSES, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) AUTHORIZING THE PAYMENT OF RELATED FEES AND EXPENSES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") (i) approving the Procedures for the sale of De Minimis Assets, free and clear of all Interests, (ii) authorizing the payment of Transaction Fees, and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of the Motion having been given and no other or further notice being required; and the Court having found that the relief requested is in the best interests of the Debtors' estates and their creditors; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

[3]The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:[4]

1. The Motion is GRANTED as set forth herein.

2. The following Procedures are approved, and the Debtors are authorized to sell De Minimis Assets in accordance with them without further order of the Court:

(a) **Assets Covered.** The Procedures apply to the sale or transfer of De Minimis Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with an aggregate purchase price (as calculated by the Debtors in their reasonable discretion) of not more than $500,000 (each, a "**De Minimis Sale**"), provided that the aggregate purchase price of all De Minimis Sales under the Procedures shall not exceed $2,500,000 without further order of the Court. The Procedures do not apply to (i) any Acquired Asset (as defined in the Stalking Horse Agreement) or any other asset subject to the Stalking Horse Agreement or an agreement with a Successful Bidder (as defined in the Stalking Horse Agreement), including any liquor license used at the Debtors' operating Restaurants, or (ii) any sale to an "insider" of the Debtors, as defined in section 101(31) of the Bankruptcy Code. A De Minimis Sale with an aggregate purchase price of $100,000 or less is a "**Small Sale**," and any other De Minimis Sale is a "**Noticed Sale**." The Debtors may consummate a Small Sale without further notice, hearing, or order of the Court, other than written notice (which may be by e-mail) to counsel to the Prepetition Agent and counsel to the DIP Lender (together, the "**Lender Notice Parties**"), containing the information required in a Sale Notice under paragraph (b) below (a "**Small Sale Notice**"), at least three (3) business days before closing. If a Lender Notice Party objects in writing (which may be by e-mail) to the Debtors within that period, paragraph (e) below shall apply. The Debtors may close a Small Sale before the end of that period if each Lender Notice Party consents in writing (which may be by e-mail).

(b) **Sale Notice.** At least seven (7) calendar days before closing a Noticed Sale, the Debtors shall file with the Court and serve on (A) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda J. Casey (linda.casey@usdoj.gov); (B) counsel to the Prepetition Agent, (1) Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603, Attn: Danielle Juhle (danielle.juhle@goldbergkohn.com) and Drake Saffell

[4] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

(drake.saffell@goldbergkohn.com), and (2) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: John H. Knight (knight@rlf.com); (C) counsel to the DIP Lender, BakerHostetler LLP, 127 Public Square, Suite 2000, Cleveland, Ohio 44114, Attn: Michael A. VanNiel (mvanniel@bakerlaw.com) and Alexis Beachdell (abeachdell@bakerlaw.com); (D) counsel to any Committee; (E) any party known to the Debtors to assert a lien on or interest in the applicable De Minimis Assets; (F) for any Liquor License, the applicable alcoholic beverage control authority and the landlord of the licensed premises; and (G) for any Liquor License issued in California, the California Department of Tax and Fee Administration, the California Franchise Tax Board, and the California Employment Development Department (collectively, the "**Notice Parties**") a notice substantially in the form attached hereto as **Exhibit 1** (each, a "**Sale Notice**"), which shall identify (i) the De Minimis Assets to be sold, including, for any Liquor License, the license number, license type, and licensed premises; (ii) the Debtor that owns the De Minimis Assets; (iii) the purchaser and any relationship between the purchaser and the Debtors, the Prepetition Agent, or the DIP Lender; (iv) the purchase price and any other material economic terms; (v) any commission, fee, or expense to be paid to a broker, escrow holder, or other third party in connection with the De Minimis Sale (collectively, "**Transaction Fees**"); (vi) any party known to the Debtors to assert a lien on or interest in the De Minimis Assets; and (vii) a certification by the Debtors that the De Minimis Sale was negotiated at arm's length and in good faith and that, to the Debtors' knowledge, the purchaser is not an insider of the Debtors and has no relationship with the Debtors, the Prepetition Agent, or the DIP Lender other than as disclosed.

(c) **Objections.** Any Notice Party may object to a De Minimis Sale by filing a written objection with the Court and serving it on (a) proposed counsel to the Debtors, (i) KTBS Law LLP, 1801 Century Park East, Twenty-Sixth Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin (mtuchin@ktbslaw.com) and Nir Maoz (nmaoz@ktbslaw.com), and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier: 19801), Attn: Bradford J. Sandler (bsandler@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com), and the other Notice Parties, so as to be actually received within seven (7) calendar days after service of the Sale Notice (the "**Objection Period**"). Each objection must state with specificity the grounds for the objection.

(d) **No Objection.** If no objection is timely filed and served, the Debtors may consummate the De Minimis Sale without further notice, hearing, or order of the Court, and the De Minimis Sale shall be deemed fully authorized by the Court. The Debtors may, but need not, submit a proposed order approving any De Minimis Sale under certification of counsel.

(e) **Objection Received.** If a timely objection to a Noticed Sale is filed and served, or a Lender Notice Party timely objects to a Small Sale, and the objection cannot be resolved consensually, the Debtors shall not consummate the De Minimis Sale unless and until the objection is withdrawn or the Court approves the De Minimis Sale. The Debtors may schedule the objection for hearing at the next omnibus hearing or on such other date as the Court may permit.

(f) **Amended Terms.** If the material terms of a De Minimis Sale are amended after service of the Sale Notice and before closing, the Debtors shall serve an amended Sale Notice, and the Objection Period shall be extended by five (5) calendar days from service of the amended Sale Notice.

(g) **Free and Clear; Proceeds.** Each De Minimis Sale shall be free and clear of all Interests, with all such Interests attaching to the net proceeds with the same validity, extent, priority, and enforceability as they had in the De Minimis Assets immediately before the sale, subject to any rights and defenses of the Debtors. All net proceeds shall be paid to the Debtors and held or applied in accordance with the DIP Order. Each De Minimis Sale shall be on an "as is, where is" basis, without representations or warranties by the Debtors except as set forth in the applicable sale documents.

(h) **Transaction Fees.** The Debtors may pay from the proceeds of a De Minimis Sale, without further order of the Court, the Transaction Fees disclosed in the applicable Sale Notice or Small Sale Notice, provided that any broker commission shall not exceed ten percent (10%) of the purchase price.

(i) **California Liquor License Escrows.** For any De Minimis Sale of a Liquor License issued by the California Department of Alcoholic Beverage Control ("**ABC**"), the escrow holder appointed under section 24074 of the California Business and Professions Code (each, an "**Escrow Holder**") is authorized and directed to (i) pay from the purchase price only (A) the amounts, if any, required to satisfy section 24049 of the California Business and Professions Code as a condition to ABC's approval of the transfer, other than any amounts on account of prepetition penalties or postpetition interest on prepetition taxes, (B) the Transaction Fees disclosed in the applicable Sale Notice or Small Sale Notice, and (C) customary escrow fees and costs; and (ii) remit the balance of the purchase price to the Debtors upon ABC's approval of the transfer. The Escrow Holder shall not pay any other claim filed in the escrow under section 24074 or 24074.1 of the California Business and Professions Code; any such claim shall attach to the net proceeds remitted to the Debtors with the same validity, extent, and priority, if any, it would have had against the purchase price, and may be asserted in these chapter 11 cases. Each Escrow Holder may rely on this Order without further inquiry.

(j) **Good Faith.** Purchasers in De Minimis Sales consummated in accordance with the Procedures, including the certification required in the Sale Notice or Small Sale Notice, shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

(k) **Regulatory Matters.** Nothing in the Procedures limits the authority of ABC or any other governmental unit to review and approve the transfer of a Liquor License under applicable law, and the term "Interests" does not include state or local laws or regulations governing the approval of any transfer of a Liquor License, or taxes or fees specifically imposed on a Liquor License under applicable law, except as otherwise provided in paragraph (i) above.

(l) **Reporting.** Within three (3) business days after closing each De Minimis Sale, the Debtors shall file and serve on the Notice Parties a report of sale in accordance with Bankruptcy Rule 6004(f)(1), which, for a Small Sale, shall include the information required in a Small Sale Notice. In addition, within thirty (30) days after the end of each calendar month in which a De Minimis Sale closes, the Debtors shall file a report identifying each De Minimis Sale closed during that month, the purchaser, the purchase price, and the Transaction Fees paid.

3. The Sale Notice, substantially in the form attached hereto as **Exhibit 1**, is approved, and service of a Sale Notice in accordance with the Procedures constitutes good and sufficient notice of the applicable De Minimis Sale.

4. Any holder of an Interest in De Minimis Assets that receives a Sale Notice or Small Sale Notice and does not timely object shall be deemed to consent to the applicable De Minimis Sale for purposes of section 363(f)(2) of the Bankruptcy Code.

5. The Debtors are authorized to execute and deliver all documents, including escrow instructions and applications to any alcoholic beverage control authority, and to take all actions necessary to consummate De Minimis Sales in accordance with the Procedures.

6. Each alcoholic beverage control authority, escrow holder, recording office, and other governmental unit or person is authorized and directed to accept this Order and any Sale Notice as evidence of the Debtors' authority to consummate the applicable De Minimis Sale,

subject to such authority's regulatory review of the purchaser's qualifications to hold the applicable Liquor License.

7. Nothing in this Order (a) authorizes the sale of any Acquired Asset (as defined in the Stalking Horse Agreement) or any sale to an insider; (b) modifies the rights of any party under the DIP Order or the Cash Management Order; (c) constitutes a determination of the validity, priority, or amount of any claim or Interest; or (d) authorizes the sale, assignment, or other transfer of any lease of real property.

8. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

9. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit 1**
**Form of Sale Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[5]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered) |

**Objection Deadline: [__________], 2026 at 4:00 p.m. (ET)**

**NOTICE OF PROPOSED SALE OF DE MINIMIS ASSETS**

**PLEASE TAKE NOTICE** that, on [________], 2026, the United States Bankruptcy **Court** for the District of Delaware (the "**Court**") entered an order [Docket No. []] (the "**Order**") approving procedures (the "**Procedures**") for the sale of De Minimis Assets by the above-captioned debtors and debtors in possession (the "**Debtors**"). Capitalized terms used but not defined in this notice have the meanings given to them in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures, the Debtors propose to sell the De Minimis Assets described below (the "**Proposed Sale**"):

Debtor (owner): [__________]

De Minimis Assets: [__________] [For a Liquor License: license number, license type, and licensed premises]

Purchaser: [__________]

Relationship of Purchaser to the Debtors, the Prepetition Agent, or the DIP Lender: [None]

Purchase price and other material terms: [__________]

Transaction Fees (broker commissions, escrow fees, and other fees to be paid from proceeds): [__________]

Parties known to assert a lien on or interest in the De Minimis Assets: [__________]

Certification: The Debtors certify that the Proposed Sale was negotiated at arm's length and in good faith and that, to the Debtors' knowledge, the Purchaser is not

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

an insider of the Debtors and has no relationship with the Debtors, the Prepetition Agent, or the DIP Lender [other than: __________].

**PLEASE TAKE FURTHER NOTICE** that the Proposed Sale will be free and clear of all liens, claims, interests, and encumbrances, which will attach to the net proceeds with the same validity, extent, and priority they had in the De Minimis Assets. If the De Minimis Assets include a California Liquor License, the escrow holder will disburse the purchase price as provided in the Order, and any claim filed in the escrow other than for amounts required under section 24049 of the California Business and Professions Code will attach to the net proceeds remitted to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Proposed Sale must be in writing, state with specificity the grounds for the objection, be filed with the Court, and be served on (a) proposed counsel to the Debtors, (i) KTBS Law LLP, 1801 Century Park East, Twenty-Sixth Floor, Los Angeles, California 90067, Attn: Michael L. Tuchin (mtuchin@ktbslaw.com) and Nir Maoz (nmaoz@ktbslaw.com), and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier: 19801), Attn: Bradford J. Sandler (bsandler@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com), and the other Notice Parties identified in the Order, so as to be **actually received no later than 4:00 p.m. (prevailing Eastern Time) on [__________], 2026**.

**PLEASE TAKE FURTHER NOTICE** that, if no objection is timely filed and served, the Debtors may consummate the Proposed Sale without further notice, hearing, or order of the Court. If a timely objection is filed and served and cannot be resolved, the Proposed Sale will not be consummated unless the objection is withdrawn or the Court approves the Proposed Sale.

Dated: November [__], 2026

PACHULSKI STANG ZIEHL & JONES LLP

/s/ DRAFT
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Email: bsandler@pszjlaw.com
pkeane@pszjlaw.com

-and-

KTBS LAW LLP
Michael L. Tuchin (admitted *pro hac vice*)
Nir Maoz (admitted *pro hac vice*)
1801 Century Park East, Twenty-Sixth Floor
Los Angeles, California 90067
Telephone: (310) 407-4000

Email: mtuchin@ktbslaw.com
nmaoz@ktbslaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*