**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Re: D.I. 91, 95** |

**RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS WITH RESPECT TO (I) THE DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) THE DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING PROCEDURES FOR THE SALE OF DE MINIMIS ASSETS, INCLUDING LIQUOR LICENSES, FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby submits this reservation of rights (this "Reservation of Rights") with respect to the following motions (collectively, the "Motions"):[2]

(i) *Debtors' Motion for Entry of an Order (I) Extending the Deadline to File Schedules of Assets and Liabilities and Statements of Financial Affairs, and (II) Granting Related Relief* [D.I. 91] (the "Schedules Motion"); *and*

(ii) *Debtors' Motion for Entry of an Order (I) Approving Procedures for the Sale of De Minimis Assets, Including Liquor Licenses, Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Payment of Related*

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

2 The Debtors extended the Committee's deadline to object to the Motions through November 19, 2026 at 4:00 p.m. (ET).

*Fees and Expenses, and (III) Granting Related Relief* [D.I. 95] (the "De Minimis Sale Motion").

## RESERVATION OF RIGHTS

1. On November 13, 2026, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee. Since its appointment and selection of proposed counsel just a little over 48 hours ago, the Committee has moved expeditiously to organize and begin addressing the numerous issues in these Chapter 11 Cases that directly impact unsecured creditors, including the relief sought in the Motions and the other matters scheduled for the hearing on November 23, 2026 at 2:00 p.m. (ET) (as may be adjourned or continued, the "Hearing"). The Committee has engaged constructively with the Debtors and other key parties in interest regarding the Motions and has provided the Debtors with comments to the proposed final orders on virtually all of the Motions, and the Committee will continue to do so in advance of the Hearing.

2. The Schedules Motion. By the Schedules Motion, the Debtors initially sought to extend the deadline to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") by seventeen (17) days, through and including December 18, 2026, without prejudice to the Debtors' right to seek further extensions. Schedules Mot. ¶¶ 7, 13. The initially-proposed extended deadline would fall after the Debtors' proposed truncated deadline by which the Committee must complete its investigation of, and assert any challenge to, the Debtors' stipulations regarding the prepetition secured obligations, and after the proposed December 17, 2026 hearing to approve the sale of substantially all of the Debtors' assets (the "Sale Hearing").[3] *See Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing and Use Cash*

3 Upon further communications with counsel to the Debtors, the Committee understands the proposed Sale Hearing may be extended to December 17, 2026.

*Collateral, and (II) Granting Related Relief* [D.I. 51] ¶ 15(a) & n.4; *see also Debtors' Motion for Entry of Bidding Procedures Order and Sale Order* [D.I. 17] Ex. A ¶ 10. The Committee understands that the Debtors intend to revise the proposed extended deadline from December 18, 2026, to December 9, 2026. Still, this proposed extension of nine (9) days is prejudicial to the Committee's review and investigation, since the Committee would need to diligence all transactions and determine whether to raise any objections or challenges prior to the Sale Hearing, all within the seven (7) days prior to the December 17, 2026 sale hearing. The Schedules are a foundational source of information regarding, among other things, the Debtors' assets, the composition and amount of the unsecured claims pool, and prepetition payments and transfers made within the ninety (90) days before November 2, 2026 (the "Petition Date") or, as to insiders, within one (1) year before the Petition Date, that may give rise to estate causes of action. *See* 11 U.S.C. §§ 521(a)(1)(B), 547(b)(4); Fed. R. Bankr. P. 1007(b)(1).

3. For these reasons, the Committee requests that the Debtors file the Schedules well in advance of the Sale Hearing, but no later than Thursday, December 3, 2026,[4] and share them, and the information underlying them, with the Committee as soon as possible. Such information is critical in advance of the Sale Hearing because the stalking horse asset purchase agreement with Outback Steakhouse of Florida, LLC (in its capacity as the Debtors' franchisor, the "Franchisor") (the "Stalking Horse APA") contemplates, among other things, the sale of certain avoidance actions, including avoidance actions against the Franchisor and its affiliated Franchisor Parties, and a broad release of the Franchisor and its affiliates by the Debtors and their estates. *See* Stalking Horse APA §§ 2.1(e), 11.3(b) & sched. 2.1(e). The Committee reserves all rights with respect to the Schedules Motion, including the right to object to any further extension of the deadline to file

[4] Granting the Debtors an extension to file Schedules by Thursday, December 3, 2026 would provide the Committee fourteen (14) days to review and investigate the Schedules before the proposed December 17, 2026 Sale Hearing.

the Schedules and to seek appropriate relief, including with respect to the timeline of these Chapter 11 Cases and the challenge period, to the extent the Schedules are not made available to the Committee on a timeline that permits a meaningful review.

4. The De Minimis Sale Motion. By the De Minimis Sale Motion, the Debtors seek approval of procedures (the "Procedures") to sell assets that are not used in the Debtors' operations and are not subject to the Stalking Horse APA, including liquor licenses held for restaurants the Debtors have closed (the "De Minimis Assets"), free and clear of all liens, claims, interests, and encumbrances, without further order of the Court. De Minimis Sale Mot. ¶¶ 7–8, 10–11. The Committee appreciates that the Debtors have revised the proposed form of order to, among other things, include the Committee as a notice party and, following discussions with the U.S. Trustee, revise certain of the proposed sale thresholds. The Committee continues to review the Procedures, including the sale thresholds, the notice and objection rights afforded to the Committee, and the reporting requirements.

5. Because the De Minimis Assets are excluded from the proposed going-concern sale, the proceeds of the De Minimis Sales may represent a meaningful source of value for these estates. The Committee is evaluating, among other things, the extent to which the De Minimis Assets (including liquor licenses associated with restaurants the Debtors have already closed) are subject to valid, perfected, and unavoidable liens, and the appropriate treatment of the proceeds of any De Minimis Assets that are unencumbered. *See id.* ¶¶ 11(g), 18. To that end, the Committee expressly reserves all rights with respect to the use, application, and treatment of the proceeds of the De Minimis Sales, including in connection with any final order approving postpetition financing and the use of cash collateral, and nothing in any order approving the De Minimis Sale Motion should be construed as a determination of the validity, priority, extent, or enforceability of

any lien on or interest in the De Minimis Assets or their proceeds, or as limiting the Committee's rights to investigate and challenge any such lien or interest.

6. The Committee requested certain modifications to the proposed orders approving the Motions. The Committee reserves its right to object to the Motions to the extent its requested modifications are not ultimately incorporated into the orders presented to the Court. Additionally, the Committee has requested certain information from the Debtors with respect to the Motions, and the Committee reserves the right to object to the Motions upon its receipt and review of that information.

7. The parties are continuing to work collaboratively to finalize the terms of the proposed final orders on the Motions, and the Committee remains hopeful that any remaining issues concerning the form of the proposed orders will be resolved in advance of the Hearing, with any agreed revisions reflected in revised proposed orders submitted to the Court. However, to the extent a consensual resolution is not reached, the Committee expressly reserves all rights, claims, arguments, defenses, and remedies with respect to the Motions to the fullest extent, including the right to supplement this Reservation of Rights prior to the Hearing, to seek discovery, and to be heard and present argument at the Hearing or any subsequent hearing on the Motions. Nothing herein is intended to be, or shall be construed as, a waiver of any of the Committee's rights with respect to any other matter in these Chapter 11 Cases, including the Debtors' requests for approval of postpetition financing and bidding procedures and the proposed sale of substantially all of the Debtors' assets, all of which are expressly reserved.

## CONCLUSION

8. For the foregoing reasons, the Committee respectfully reserves all rights to review, comment on, and object to the Motions and the form of any proposed orders approving the

Motions, and to be heard at the Hearing.

Dated: November 19, 2026
Wilmington, DE

**LOWENSTEIN SANDLER LLP**

*/s/ Katherine Monica Devanney*
Katherine Monica Devanney (No. 6356)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 498-9614
kdevanney@lowenstein.com

-and-

David Posner (admitted *pro hac vice*)
Gianfranco Finizio (admitted *pro hac vice*)
Brittany M. Clark (admitted *pro hac vice*)
Carolyn Gauvin (admitted *pro hac vice*)
1251 Avenue of the Americas, 17th Floor
New York, NY 10020
Telephone: (212) 262-6700
dposner@lowenstein.com
gfinizio@lowenstein.com
bclark@lowenstein.com
cgauvin@lowenstein.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

I, Katherine M. Devanney, certify that I am not less than 18 years of age, and that service of the foregoing was made on November 19, 2026, via the Court's CM/ECF system on the parties that have consented to electronic service, and upon the parties listed below via email.

| | |
|---|---|
| KTBS Law LLP<br>Michael L. Tuchin<br>Nir Maoz<br>1801 Century Park East<br>Twenty-Sixth Floor<br>Los Angeles, California 90067<br>mtuchin@ktbslaw.com<br>nmaoz@ktbslaw.com<br><br>*Proposed Counsel to the Debtors* | Pachulski Stang Ziehl & Jones LLP<br>Bradford J. Sandler<br>Peter J. Keane<br>919 North Market Street, 17th Floor<br>Wilmington, Delaware 19801<br>bsandler@pszjlaw.com<br>pkeane@pszjlaw.com<br><br>*Proposed Counsel to the Debtors* |
| Goldberg Kohn Ltd.<br>Danielle Juhle<br>Drake Saffell<br>55 East Monroe Street, Suite 3300<br>Chicago, Illinois 60603<br>danielle.juhle@goldbergkohn.com<br>drake.saffell@goldbergkohn.com<br><br>*Counsel to the Prepetition Agent* | Richards, Layton & Finger, P.A.<br>John H. Knight<br>920 North King Street<br>Wilmington, Delaware 19801<br>knight@rlf.com<br><br>*Counsel to the Prepetition Agent* |
| BakerHostetler LLP<br>Michael A. VanNiel<br>Alexis Beachdell<br>127 Public Square, Suite 2000<br>Cleveland, Ohio 44114<br>mvanniel@bakerlaw.com<br>abeachdell@bakerlaw.com<br><br>*Counsel to the Franchisor and DIP Lender* | Office of the United States Trustee<br>for the District of Delaware<br>Linda J. Casey<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, Delaware 19801<br>linda.casey@usdoj.gov<br><br>*US Trustee* |

Under penalty of perjury, I declare that the foregoing is true and correct.

11/19/2026 */s/ Katherine M. Devanney*

Date Signature