**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re*<br><br>Cerca Trova Restaurant Group Holdings, Inc., *et al.*,[1]<br><br>Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>**Hearing Date: Nov. 23, 2026 @ 2:00 p.m.**<br>**Obj. Deadline: November 16, 2026 @ 4:00 p.m.**<br>**Extended for U.S.T. to November 19, 2026 @ 4:00 p.m.**<br>**Re: D.I. 17, 58 & 64** |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF: (A) AN ORDER (I) SCHEDULING A HEARING ON THE APPROVAL OF THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES OTHER THAN ASSUMED LIABILITIES AND PERMITTED ENCUMBRANCES AND THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (II) APPROVING CERTAIN BIDDING PROCEDURES AND ASSUMPTION AND ASSIGNMENT PROCEDURES AND THE FORM AND MANNER OF NOTICE THEREOF, (III) AUTHORIZING THE DEBTORS TO ENTER INTO THE STALKING HORSE AGREEMENT AND APPROVING THE BREAK-UP FEE AND (IV) GRANTING RELATED RELIEF; AND (B) AN ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES OTHER THAN ASSUMED LIABILITIES AND PERMITTED ENCUMBRANCES, (II) APPROVING THE STALKING HORSE AGREEMENT, (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (IV) GRANTING RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee"), files this objection ("Objection") to the *Debtors' Motion for Entry of: (A) an Order (I) Scheduling a Hearing on the Approval of the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities and Permitted Encumbrances and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (II) Approving Certain*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

*Bidding Procedures and Assumption and Assignment Procedures and the Form and Manner of Notice Thereof, (III) Authorizing the Debtors to Enter Into the Stalking Horse Agreement and Approving the Break-Up Fee and (IV) Granting Related Relief; and (B) an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Encumbrances Other Than Assumed Liabilities and Permitted Encumbrances, (II) Approving the Stalking Horse Agreement, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief* [Docket No. 17] (the "Motion"), and in support of that Objection states:

**JURISDICTION AND VENUE**

1. Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion and this Objection.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See In re Revco D.S., Inc.,* 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion. *See In re Columbia Gas Sys., Inc.,* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

**FACTUAL BACKGROUND**

4. On November 2, 2026, the Debtors filed voluntary chapter 11 petitions in this Court.

5. The Debtors continue to operate their business(es) as debtors in possession pursuant

to 11 U.S.C. §§ 1107 and 1108.

6. On November 13, 2026, the United States Trustee appointed the Official Committee of Unsecured Creditors [D.I. 103].

7. The Debtors filed the Motion on November 2, 2026. In the Motion, the Debtors seek approval of the Break-Up Fee[2] in the amount of $790,000, payable upon consummation of an Alternative Transaction with the Successful Bidder or a back-up bidder selected at the Auction.

8. The Break-up Fee will also be payable if the Debtors terminate the Stalking Horse Agreement because they determine, in the exercise of their fiduciary duties as a debtor in possession and after consultation with their counsel, that termination of the Stalking Horse Agreement is in the best interests of the Sellers' estate and its creditors, and the Debtors consummate a sale of their assets within one year of such termination.

9. The Stalking Horse Bidder is the Debtors' Franchisor (Outback Steakhouse of Florida, LLC). It is also a significant creditor and has agreed to provide post-petition financing to the Debtors. Affiliates of the Stalking Horse Bidder's parent company are the landlords or sublandlords for certain of the Debtors' restaurants. Bloomin', the Stalking Horse Bidder's parent, is also a co-defendant with certain of the Debtors in pending putative class actions.

## ARGUMENT[3]

10. The U.S. Trustee objects to the proposed Break-Up Fee to the Stalking Horse Bidder, because they are not reasonable or appropriate under relevant Third Circuit law where, as here, they are not actual and necessary expenses of preserving the estate.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[3] The U.S. Trustee has raised additional objections regarding the proposed order. The U.S. Trustee believes that these issues will be or have ben resolved consensually. To the extent that they are not consensually resolved, the U.S. Trustee reserves the right to raise such objections.

11. To award a break-up fee or expense reimbursement to a potential bidder, the Court must determine that the fee was an actual and necessary cost and expense of preserving the estate. *See In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527 (3d Cir. 1999). In *O'Brien*, the Third Circuit Court of Appeals held that "the allowability of break-up fees, like that of other administrative expenses, depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate." *Id.* at 535.

12. The burden is on a debtor to prove the necessity of, and benefit to the estate from, any proposed bid protections. In addition, "the considerations that underlie the Debtors' judgment may be relevant to the bankruptcy court's determination on a request for break-up fees and expenses," but "the business judgment rule should not be applied as such in the bankruptcy context." *Id.*

13. Moreover, as recognized by the Third Circuit in *O'Brien*:

> [E]ven if the purpose for the break-up fee is not impermissible, the break-up fee may not be needed to effectuate that purpose. For example, in some cases a potential purchaser *will bid whether or not break-up fees are offered* . . . . In such cases, the award of a break-up fee cannot be characterized as necessary to preserve the value of the estate.

181 F.3d at 535 (emphasis added); *see also In re Reliant Energy Channelview LP*, 200 F.3d 594 (3d Cir. 2010) (affirming disallowance of retroactive grant of break-up fee that was sought after the stalking horse bidder had already bid for the assets).

14. That is the situation presented here. The various connections between the Debtors and the Stalking Horse Bidder make it likely that the Stalking Horse Bidder would have made a bid even in the absence of a Break-Up Fee. As the Franchisor and landlord, they have an interest in the continued operations of the restaurants. As a significant creditor, they have an interest in obtaining the highest and best price for the Debtors' assets. In addition, as the Franchisor, they

likely required significantly less due diligence than a stalking horse that has no prior relationship with the Debtors.

15. Further, granting bid protections when the Debtors have exercised their fiduciary duty to terminate the Stalking Horse Agreement because it is not in the best interest of the estate is contrary to the purpose of such protections. If the Stalking Horse Bid is not in the best interest of the estates and the eventual sale of the Debtors' assets is unrelated to such bid, there can be no argument that it provided any benefit to the estates.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the relief requested by the Motion and grant any such other and further relief that the Court deems just and proper.

Dated: November 19, 2026
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**

By: _/s/ Linda Casey_

Linda Casey
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox35
Wilmington, Delaware 19801
Phone: (302) 573-6492
Fax: (302) 573-6497
Email: linda.casey@usdoj.gov