**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| *In re*<br><br>Cerca Trova Restaurant Group Holdings, Inc., *et al.*,[1]<br><br>Debtors. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>**Hearing Date: Nov. 23, 2026 @ 2:00 p.m.**<br>**Obj. Deadline: November 16, 2026 @ 4:00 p.m.**<br>**Extended for U.S.T. to November 19, 2026 @ 4:00 p.m.**<br>**Re: D.I. 6, 54 & 66** |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED CREDITOR MATRIX AND A CONSOLIDATED LIST OF THE THIRTY LARGEST UNSECURED CREDITORS, (II) AUTHORIZING THE DEBTORS TO SERVE CERTAIN PARTIES IN INTEREST BY E-MAIL, (III) AUTHORIZING REDACTION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION, AND (IV) GRANTING RELATED RELIEF**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee"), files this objection ("Objection") to the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and a Consolidated List of the Thirty Largest Unsecured Creditors, (II) Authorizing the Debtors to Serve Certain Parties in Interest by E-Mail, (III) Authorizing Redaction of Certain Personally Identifiable Information, and (IV) Granting Related Relief* (the "Motion") [D.I. 6], and in support of that Objection states:

## INTRODUCTION

1. The Debtors seek entry of an order that would alter the service requirements set forth in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in fundamental ways, by permitting service by electronic mail on all parties in interest with some exceptions.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

Further, the order would make an express ruling that such service "shall constitute good and sufficient notice to the parties so served under the circumstances." The Bankruptcy Rules, and applicable caselaw, govern how service must be accomplished and the broad changes to long-standing service requirements requested by the Debtors are unwarranted.

**JURISDICTION AND VENUE**

4. Pursuant to (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine the Motion and this Objection.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See In re Revco D.S., Inc.,* 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See In re Columbia Gas Sys., Inc.,* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

**FACTUAL BACKGROUND**

4. On November 2, 2026 (the "Petition Date"), the Debtors filed voluntary chapter 11 petitions in this Court.

5. The Debtors continue to operate their business(es) as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. On November 13, 2026, the United States Trustee appointed an Official Committee of Unsecured Creditors [D.I. 103].

7. The Debtors filed the Motion on November 2, 2026. In the Motion, the Debtors

seek authority to alter the service rules contained in the Bankruptcy Rules. This Court entered an interim order approving the proposed "E-mail Service Procedures" on an interim basis pending the Final Hearing [D.I. 54].

8. The proposed E-Mail Service Procedures would authorize the Debtors to serve "any party in interest" by electronic mail if the Debtors' books and records contain an email address for such party unless the following two conditions are both met: (a) the Debtors' books and records contains a mailing address for such party or such party has designated a mailing address under Bankruptcy Rule 2002(g)(1) or 5003(e) *and* (b) the party has specifically requested service by first-class mail.

9. The proposed E-Mail Service Procedures requires certain "Key Notices" to be served via first-class mail on all parties in interest, other than the Debtors' current and former employees. The Key Notices are: notice of commencement of the case; notice of the deadline to file claims; notice of the hearing to approve the sale of substantially all of the Debtors' assets and the related objection deadline; notice of the hearing on any disclosure statement and chapter 11 plan, together with any solicitation materials; and notice of any hearing to convert or dismiss the bankruptcy cases.

10. As to current and former employees, unless the Court orders otherwise, the Debtors would serve them via email with limited exceptions. Only the notice of commencement and the notice of the deadline to file claims would be served by first-class mail, and only to certain employees. The employees that would receive notice by mail of these documents are the employees: (i) owed unpaid wages, salary, paid time off, severance or other compensation reflected in the Debtor's books and records as of the Petition Date; (ii) who are named plaintiffs in any pending litigation against any Debtor; (iii) were employed at a "Closed Restaurant" or

whose employment was terminated during the 90 days prior to the Petition Date; or (iv) have asserted a claim against the Debtors in writing.

11. Under the Debtors' proposal, current or former employees who are members of a class or a settlement class in any action against the Debtors but who are not the named plaintiffs will not receive mail service of any pleading.

12. No complaint or other pleading in an adversary proceeding is being authorized to be served via electronic mail absent consent from the recipient.

13. Any party may also request service by first-class mail by contacting the Claims and Noticing Agent.

14. The proposed order filed with the motion includes a finding by the Court that "Service in accordance with the E-mail Service Procedures shall constitute good and sufficient notice to the parties so served under the circumstances."

## ARGUMENT

### I. Service Via Email Without Consent Is Not Permissible.

15. The Bankruptcy Rules provide a comprehensive set of rules for service. These rules require some pleadings to be served via first-class mail. The rules provide the Court with flexibility to order other means of service for a subset – but not all – of the pleadings required to be served via first-class mail. Other pleadings are only required to be "transmitted." Service requirements for some pleadings are left to the Court in the first instance.

16. Contested matters must be served in the same manner as service of process, i.e. personal service or service by first-class mail. Fed. R. Bankr. 9014(b) (requiring service "in the manner provided for service of a summons and complaint" by Rule 7004).

17. Bankruptcy Rule 2002(a)(1) and (3)-(9), 2002(b) and 2002(f)(1) require service of

the denoted pleadings by mail. By contrast, Bankruptcy Rule 2002(a)(2) requires service by mail "unless the court, for cause, . . . orders another method of giving service." The only exception for service by mail for any of the pleadings listed in Bankruptcy Rule 2002(a) and (b) is found in Bankruptcy Rule 2002(l), which provides that "the court may order notice by publication if notice by mail is impracticable or if it is desirable to supplement the notice." In addition to the exception in 2002(l), the court may also alter the method of service of pleadings governed by Bankruptcy Rule2002(f)(2), but only as to an unimpaired class of creditors or equity holders, as set forth in Bankruptcy Rule 3017(d). Even that rule requires that a notice *be mailed* that states that the class that their claim falls into is designated as unimpaired.

18. Notices to the United States under Bankruptcy Rule 2002(j) must be mailed to particular governmental agencies or employees. No exception to mail service is provided. Likewise, pleadings and notices governed by Bankruptcy Rule 2002(q) must be served by mail, with no listed exceptions.

19. Other rules do not require notice of certain pleadings, or to certain parties, by mail. Bankruptcy Rule 2002(d) requires notice provided to equity holders "in the manner and form directed by the court" and rule 2002(p)(1) permits the court to *supplement* notice by mail with "notice by other means," where notice by mail to a creditor with a foreign address would not give the creditor reasonable notice. Several of the Bankruptcy Rules do not state that service must be "by mail," but rather that they must be "sent" or "transmitted." Fed. R. Bankr. P. 2002(l)(2) and (k)(1) (certain pleadings must be "sent" to the U.S. Trustee); 3017(a) and (d) (pleading "shall be transmitted" to the U.S. Trustee); 3017(e) (the court shall consider the procedures for "transmitting" documents to equity holders); 3017(f) (requiring the court to consider the procedures for proving entities who are not creditors or equity security holders but will be subject

to an injunction in the plan, with notice of the time to object and the hearing).

20. Bankruptcy Rule 2002(m) provides the court with authority to determine the manner in which notices shall be sent, with one important restriction: "The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent **except as otherwise provided by these rules**." (Emphasis added).

21. Likewise, Bankruptcy Rule 9007 also does not provide broad authority to forgo required service by mail: "When notice is to be given under these rules, the court shall designate, **if not otherwise specified herein**, the time within which, the entities to whom, and the form and manner in which the notice shall be given. When feasible, the court may order any notices under these rules to be combined" (emphasis added).

22. The Bankruptcy Rules, the Federal Rules of Civil Procedure, and the Local Rules of this Court contain provisions permitting email service **where a party consents**. Fed. R. Bankr. P. 9036; Fed. R. Civ. P. 5(b)(2)(F); Del. Local B.R. 5005-4; 9022-1; 9036-1.

23. This comprehensive set of rules carefully lays out when pleadings must be served via mail, when/under what conditions that requirement can be altered, and when pleadings may be served via alternative methods (such as publication notice, electronic mail, or otherwise).

24. When the Supreme Court promulgates a procedural rule prescribing the rules of practice and procedure for bankruptcy cases, those rules "are binding and courts must abide by them unless there is an irreconcilable conflict with the Bankruptcy Code." *In re Cyber Litigation, Inc.*, Case. No. 2012702, 2021 WL 5047512, *7 (Bankr. D. Del. October 28, 2021) (citing *In re Mansaray-Ruffin*, 530 F.3d 230, 235 (3d Cir. 2008)).

25. While the *Cyber Litigation* court recognized that email service may provide due

process under circumstances where it is reasonably calculated to reach the intended recipient, it is not sufficient where it is not permissible under the Bankruptcy Rules. *Id.*

26. Through the Motion, the Debtors request to alter the Bankruptcy Rules in fundamental ways. While accepting the obligation to mail certain pleadings on their creditors, the Debtors eschew the requirement to mail other pleadings. Certain known creditors would not receive any notice by mail, and other known creditors would only receive two pleadings by mail. This rewriting of the Bankruptcy Rules is impermissible.

27. To the extent the Court does not have discretion to permit noticing rules that diverge from the aforementioned requirements, a finding that such alternative notice was "good and sufficient notice" is not warranted.

28. Furthermore, the Debtors do not even attempt to make a showing of cause for most of the relief they seek. The Motion only discloses the number of current and former employees, the alleged likelihood that email is the best manner to communicate with current and former employees, and the cost for serving such a large class of current and former employees. No information is provided to justify waiving the Bankruptcy Court's service requirement on any other creditor, equity holder, governmental unit, or other interested party. The vast majority of affected creditors and other parties in interest have not been served with the Motion, and no factual record is being made as to any specific creditor, the email address that the Debtors have on file for that specific creditor, whether that specific creditor regularly communicates with the Debtors via email, and if email notice is good and sufficient as to each creditor.

## II. **<u>Service of a One-Page Notice of a Website URL is Not Sufficient</u>**

29. The proposed procedures permit the Debtors to serve a "one-page notice that includes a link to the Claims and Noticing Agent's website" on any current or former employee or

customer of the Debtors if they are required to serve that creditor by mail due to a lack of an email address or the Debtors receive notice that the email sent was undeliverable.

30. There is no authority to simply serve a one-page notice with a website URL. Nothing in the Federal or Local Rules waives the requirement to serve a pleading on a party entitled to notice by simply sending a notice with a link to download the pleading.

31. If the order is entered as proposed by the Debtors, it would permit the Debtors to forgo service of the Disclosure Statement, the Ballot, the Plan, the Notice of Bar Date, and other critical pleadings. Rather, the Debtors propose to serve a simple notice that instructs a party to go to a website to download the pleading. Such one-page notice would not be reviewed and approved by the Court. This should not be allowed.

WHEREFORE, the U.S. Trustee respectfully requests that the Court (i) deny the final relief requested by the Motion and (ii) grant any such other and further relief that the Court deems just and proper.

Dated: November 19, 2026
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**

By: */s/ Linda Casey*
Linda Casey
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox35
Wilmington, Delaware 19801
Phone: (302) 573-6492
Fax: (302) 573-6497
Email: linda.casey@usdoj.gov