# Exhibit A

## Revised Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 20** |

**ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE AS OF THE PETITION DATE, (II) AUTHORIZING THE ABANDONMENT OF ANY REMAINING PERSONAL PROPERTY LOCATED AT THE CLOSED RESTAURANTS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") for entry of an order (this "**Order**"), pursuant to sections 105(a), 362, 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure, (i) authorizing the Debtors to reject the Rejected Leases set forth on Exhibit 1 hereto, effective as of the Petition Date, (ii) authorizing the Debtors to abandon the Remaining Property, effective as of the Petition Date, and (iii) granting related relief; and upon consideration of the First Day Declaration; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, each Rejected Lease set forth on Exhibit 1 hereto, to the extent not already terminated in accordance with its terms or by agreement of the parties, is rejected effective as of the later of (a) the Petition Date and (b) the date on which the applicable Debtor unequivocally surrendered the applicable Premises to the applicable Landlord by written notice and delivery of the keys and alarm codes, if any (as to each Rejected Lease, the "**Rejection Date**"). The Debtors shall not be liable for any administrative expenses arising under any Rejected Lease after the applicable Rejection Date.

3. The Debtors are authorized, but not directed, to abandon the Remaining Property owned by the Debtors and located at the Premises. Any Remaining Property is deemed abandoned effective as of the applicable Rejection Date, without further order of the Court, free and clear of the interests of the Debtors and their estates and, with their consent, the liens of the Prepetition Agent and the DIP Lender. Each Landlord is authorized to use or dispose of any Remaining Property at its Premises in its sole discretion, without notice or liability to the

Debtors, their estates, or any consenting third party, and the automatic stay, to the extent applicable, is modified to permit such use or disposition. Nothing in this Order affects the rights, liens, or interests of any non-consenting third party in any Remaining Property, which are governed by applicable non-bankruptcy law. Nothing in this Order determines the validity, priority, extent, or avoidability of any lien or security interest asserted by any Landlord in the Remaining Property or any other property of the Debtors, and all rights of the Debtors and their estates with respect thereto, including under sections 544 and 545 of the Bankruptcy Code, are reserved. Nothing in this Order authorizes any party to enter any of the Premises without the consent of the applicable Landlord.

4. Nothing in this Order shall be deemed to abandon any property owned by a third party, including equipment leased to the Debtors, or any books, records, or devices containing personally identifiable information. Any person that owns or leases to the Debtors personal property located at any Premises may, in accordance with any applicable agreements, upon reasonable advance notice to the Debtors and the applicable Landlord and in coordination with such Landlord, retrieve such property; provided that the Debtors shall have no liability for any cost of such retrieval or for any obligation under the Rejected Lease after the Rejection Date. Liquor licenses and permits held by any Debtor are not Remaining Property and are not abandoned by this Order.

5. Notwithstanding anything to the contrary in this Order, the Debtors are not authorized to abandon, and before the Rejection Date shall have removed or shall promptly remove, (a) any hazardous or toxic materials stored or abandoned in violation of state or federal law; (b) any "personally identifiable information," as defined in section 101(41A) of the

Bankruptcy Code, including on any point-of-sale or other electronic device, and (c) any business records necessary to the administration of these Cases and not available elsewhere.

6. The Prepetition Agent and the DIP Lender consent to the abandonment of the Remaining Property as provided herein. Nothing in this Order modifies any order authorizing the Debtors' use of cash collateral or postpetition financing, including as to any proceeds of Remaining Property.

7. If the Debtors have deposited monies with a Landlord as a security deposit under a Rejected Lease, such Landlord may not set off, recoup, or otherwise use such deposit without the prior authority of the Court; *provided, however*, that, subject to the automatic stay, nothing in this Order shall affect, impair, or prejudice any counterparty's rights with respect to any security deposit, letter of credit, guaranty, or other collateral or credit support held by such counterparty in connection with a Rejected Lease, including, but not limited, to: (a) any counterparty's right to seek to retain, apply, or set off any security deposit held by such counterparty against any amounts owed by the Debtors under the applicable Rejected Lease, whether arising before or after the Petition Date; (b) any counterparty's right to draw upon or make a claim under any letter of credit issued for the benefit of such counterparty in connection with a Rejected Lease; and (c) any counterparty's rights against any guarantor of a Rejected Lease, which rights are not released, impaired, or affected by this Order; *provided, further*, that any claim against any Debtor on account of a guaranty of a Rejected Lease shall be asserted by proof of claim.

8. Any person or entity that holds a claim arising from the rejection of a Rejected Lease must file a proof of claim on account of such claim so as to be actually received on or before the later of (a) any general claims bar date established in these Cases and (b) thirty (30) days after the later of entry of this Order and the applicable Rejection Date. Any claimant that

fails to timely file such a claim shall be forever barred from asserting it against the Debtors, their estates, or their property.

9. Nothing in this Order or the Motion (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates or any other party in interest with respect to the validity, priority, or amount of any claim against the Debtors and their estates, including any claim arising from the rejection of a Rejected Lease or under any guaranty, or (iii) shall be construed as a promise to pay a claim. The inclusion of any agreement on Exhibit 1 is not an admission that it is an unexpired lease, a true lease, or a single or severable agreement, and all parties' rights with respect thereto are reserved.

10. Nothing in this Order rejects, assumes, terminates, or modifies the Debtors' master franchise agreement with the Franchisor, any restaurant addendum thereunder, other than the restaurant addenda for the Closed Restaurants, each of which was terminated before the Petition Date pursuant to a Mutual Termination of Franchise Agreement between the Franchisor and the applicable Debtor, or any related agreement with the Franchisor, and all rights of the Debtors and the Franchisor thereunder are reserved. The Franchisor has consented to the surrender of the Premises and the rejection of the Rejected Leases, and has agreed not to exercise any right under any lease, rider, assignment, or franchise-related agreement to take possession of any Premises or to assume or acquire any Rejected Lease or any Remaining Property.

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not

subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

12. The Debtors are authorized to take any and all actions necessary or appropriate to implement this Order.

13. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

# EXHIBIT 1

## Rejected Leases

| Landlord | Landlord Notice Address | Debtor Tenant | Store and Premises | Lease | Remaining Property |
|---|---|---|---|---|---|
| 18 West LLC | 196 S. Orange Grove Blvd., Pasadena, CA 91105 | Cerca Trova Steakhouse, L.P. | 0581 – 7575 Beach Blvd., Buena Park, CA 90622 | Lease dated July 3, 2000 | Miscellaneous kitchen equipment and restaurant furniture; HVAC equipment owned by Budderfly Inc. |
| InCommercial Net Lease DST 4 | 117 N. Jefferson St., Suite 303, Chicago, IL 60661 | Cerca Trova Southwest Restaurant Group, LLC | 0312 – 4871 East Grant Road, Tucson, AZ 85712 | Lease and Guaranty dated August 22, 2019, as amended | Miscellaneous kitchen equipment and restaurant furniture |
| InCommercial Net Lease DST 4 | 117 N. Jefferson St., Suite 303, Chicago, IL 60661 | Cerca Trova Southwest Restaurant Group, LLC | 0326 – 1860 (a/k/a 1830) East McKellips Road, Mesa, AZ 85203 | Lease and Guaranty dated August 22, 2019, as amended | Miscellaneous kitchen equipment and restaurant furniture |
| Limestone Outb, LLC | c/o Orion Investment and Management, 200 S. Biscayne Blvd., 7th Floor, Miami, FL 33131 | Cerca Trova Southwest Restaurant Group, LLC | 0612 – 7065 Commerce Center Drive, Colorado Springs, CO 80919 | Lease and Guaranty dated August 22, 2019, as amended | Miscellaneous kitchen equipment and restaurant furniture; HVAC equipment owned by Budderfly Inc. |
| Limestone Outb, LLC | c/o Orion Investment and Management, 200 S. Biscayne Blvd., 7th Floor, Miami, FL 33131 | Cerca Trova Southwest Restaurant Group, LLC | 0614 – 15 West Springer Drive, Highlands Ranch, CO 80129 | Lease and Guaranty dated August 22, 2019, as amended | Miscellaneous kitchen equipment and restaurant furniture; HVAC equipment owned by Budderfly Inc. |
| MCS Sunset Pointe Center LLC | c/o Spectrum Commercial Real Estate, 21700 Oxnard St., #1295, Woodland Hills, CA 91367 | Cerca Trova Steakhouse, L.P. | 0565 – 25261 N. The Old Road, Valencia, CA 91381 | Lease dated May 13, 1996, as amended | Miscellaneous kitchen equipment and restaurant furniture |
| Mountain Sun Holdings, LLC (successor to Limestone Outb, LLC) | c/o Husch Blackwell LLP, 1801 Wewatta St., Suite 1000, Denver, CO 80202, Attn: Stephen Steele | Cerca Trova Southwest Restaurant Group, LLC | 3215 – 3645 South Virginia Street, Reno, NV 89502 | Lease and Guaranty dated August 22, 2019, as amended | Miscellaneous kitchen equipment and restaurant furniture; HVAC equipment owned by Budderfly Inc. |

| **Landlord** | **Landlord Notice Address** | **Debtor Tenant** | **Store and Premises** | **Lease** | **Remaining Property** |
|---|---|---|---|---|---|
| New Private Restaurant Properties, LLC | 2202 N. Westshore Blvd., Suite 47, Tampa, FL 33607 | Cerca Trova Southwest Restaurant Group, LLC | 0619 – 2066 South Abilene Street, Aurora, CO 80014 | Lease dated April 25, 2017, as amended and extended | Miscellaneous kitchen equipment and restaurant furniture |
| Outforest LLC | 29 Lemans, Newport Beach, CA 92657 | Cerca Trova Steakhouse, L.P. | 0573 – 26652 Portola Parkway, Foothill Ranch, CA 92610 | Lease dated as of September 8, 1998, as amended | Miscellaneous kitchen equipment and restaurant furniture; HVAC equipment owned by Budderfly Inc. |
| Southwest Commons 05 A LLC | c/o ACF Property Management, Inc., P.O. Box 511479, Los Angeles, CA 90051-8034 | Cerca Trova Southwest Restaurant Group, LLC | 0610 – 8601 West Cross Drive, Littleton, CO 80123 | Ground Lease Agreement dated as of March 9, 1994, as assigned and amended | Miscellaneous kitchen equipment and restaurant furniture |