**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 13 and 57** |

**FINAL ORDER (I) AUTHORIZING MAINTENANCE, ADMINISTRATION, AND CONTINUATION OF CERTAIN CUSTOMER PROGRAMS, (II) APPROVING PROCEDURES FOR NOTICE TO CUSTOMER PROGRAM PARTICIPANTS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") for entry of interim and final orders, pursuant to sections 105(a), 363(b), and 507(a)(7) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 1007, 2002, 6003, 6004, and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) authorizing the Debtors to maintain and administer customer-related programs as described in the Motion (collectively, the "**Customer Programs**") and honor prepetition obligations to customers related thereto in the ordinary course of business and in a manner consistent with past practice; (ii) authorizing the Debtors to continue, replace, implement,

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

modify, and/or terminate one or more of the Customer Programs, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business, without further application to the Court, subject to the consultation and notice requirements described herein; (iii) approving procedures for notice to Customer Program Participants (as defined in the Motion); (iv) authorizing banks and other financial institutions (the "**Banks**") to honor and process check and electronic transfer requests related to the foregoing; and (v) granting related relief; and upon consideration of the First Day Declaration; and the Court having entered an interim order granting the Motion on an interim basis [Docket No. 57] (the "**Interim Order**"); and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis, as set forth herein. Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2. The Debtors are authorized, but not directed, in their discretion, to maintain and administer the Customer Programs, and to pay, honor, and otherwise satisfy their prepetition

obligations arising from the Customer Programs, in the ordinary course of business and in a manner consistent with past practice, including honoring all Gift Cards (whether sold before or after the Petition Date) at face value, continuing to sell and honor Gift Cards in the ordinary course of business, honoring requests to redeem Gift Card balances in cash where applicable law requires, honoring Promotions and Loyalty Program rewards issued before the Petition Date, honoring Community Program commitments and Refunds relating to transactions before the Petition Date, and continuing to offer Promotions, participate in the Loyalty Program, and maintain the Community Programs and their Refund practices in the ordinary course of business; *provided*, *however*, that cash payments on account of prepetition obligations under the Customer Programs (including Refunds, cash redemptions of Gift Card balances, Community Program contributions, amounts owed under the Amex Promotional Program (to the extent not deducted by American Express), and prepetition processing fees not deducted or debited by the Processors) shall not exceed $100,000 in the aggregate (inclusive of amounts paid under the Interim Order).

3. The Debtors are authorized, in consultation with the Prepetition Agent and the Official Committee of Unsecured Creditors (the "**Committee**"), to continue honoring the Customer Programs, including Gift Cards, and to replace, implement, modify, supplement, or discontinue any Customer Program (or, in the case of any Customer Program that the Debtors do not control, including the Loyalty Program, to cease participating in such Customer Program), including ceasing to honor Gift Cards, in each case as the Debtors deem appropriate in their business judgment and in the ordinary course of business, without further application to the Court, to the extent consistent with applicable non-bankruptcy law, upon fourteen (14) days' advanced written notice to the U.S. Trustee and the Committee.

4. Nothing in this Order authorizes the Debtors to make any payment to the Franchisor or its affiliates on account of any prepetition obligation. The Debtors are authorized to pay or settle with the Franchisor, in the ordinary course of business, amounts arising on account of Promotions and the Loyalty Program, other than prepetition amounts owed to the Franchisor. The Debtors are authorized to continue the Gift Card Settlements with the Gift Card Administrator on account of Gift Card sales and redemptions occurring on or after the Petition Date in the ordinary course of business, including by netting amounts owed to and by the Gift Card Administrator on account of such postpetition transactions and postpetition charges (for goods or services provided on or after the Petition Date) of the type historically deducted from the Gift Card Settlements; provided that no amount owed to the Debtors on account of postpetition Gift Card Settlements shall be withheld, set off, or recouped against any amount owed by the Debtors to the Franchisor or its affiliates on account of any prepetition obligation absent further order of the Court.

5. The Customer Notice Procedures approved in the Interim Order are approved on a final basis.

6. The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and

any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Order.

7. Nothing in this Order, nor as a result of any payment made pursuant to this Order, (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates, (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors, their estates, or any other party in interest with respect to the validity, priority, or amount of any claim against the Debtors and their estates, (iii) shall be construed as a promise to pay a claim, or (iv) shall be deemed an admission, finding, or implication that any claim is an administrative expense claim, priority claim, or other claim of a type specified or defined in the Motion or this Order. Nothing in this Order waives or limits any right of the Debtors under the Master Franchise Agreement or any agreement with the Franchisor, the Gift Card Administrator, or any other Processor, or authorizes the assumption of any such agreement. Nothing in this Order shall be construed to accelerate any payment that is not otherwise due and payable.

8. The Processors are authorized to offset chargebacks, refunds, and processing fees arising in the ordinary course of business, including those that relate to customer transactions before the Petition Date, against amounts otherwise remitted to the Debtors, or to debit such amounts from the Debtors' accounts, consistent with their prepetition practices, and any such offset or debit made on or after the Petition Date and before entry of the Interim Order is authorized. Amounts so offset or debited shall not count against the cap on cash payments on account of prepetition obligations under the Customer Programs set forth in this Order. Nothing in this Order authorizes any Processor to increase any reserve, or to offset or debit any amount other than as provided in the preceding sentence, without further order of the Court or the written

consent of the Debtors. Notwithstanding the foregoing, the Gift Card Administrator may net only amounts owed to and by it on account of transactions occurring on or after the Petition Date, as provided in this Order.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Cases with respect to prepetition amounts owed in connection with the Customer Programs.

10. Notwithstanding anything to the contrary herein, any payment made or action taken by the Debtors pursuant to this Order shall be subject to and in compliance with any interim or final order authorizing the Debtors' use of cash collateral or postpetition financing (a "**Cash Collateral Order**") and any approved budget thereunder. To the extent of any conflict between this Order and a Cash Collateral Order, the Cash Collateral Order shall control.

11. Notice of the Motion as provided therein is good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

13. The Debtors are authorized to take any and all actions necessary or appropriate to implement this Order.

14. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretatio

**Dated: November 23rd, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**