**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 12 and 61** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS, SHIPPERS, MAINTENANCE PROVIDERS, 503(b)(9) CLAIMANTS, AND PACA/PASA CLAIMANTS; (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**") for entry of a final order, pursuant to sections 105(a), 363(b), 363(c), 503(b), 541, 1107(a), and 1108 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9013-1, (i) authorizing, but not directing, the Debtors, in their discretion, to pay certain Trade Claims in the ordinary course of business, (ii) authorizing the Banks to honor and process check and electronic transfer requests related thereto, and (iii) granting related relief; and upon consideration of the First Day Declaration; and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the Amended Standing Order of Reference from the United States District Court for the

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

District of Delaware dated February 29, 2012; and it appearing that the Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates and their creditors; and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are hereby authorized, but not directed, to pay, in their discretion and subject to the terms and limitations set forth in this Order, and in consultation with the Prepetition Agent, the DIP Lender, and the Official Committee of Unsecured Creditors (the "**Committee**"), the Trade Claims in an aggregate amount not to exceed $6,845,000 (inclusive of amounts paid under the interim order entered on November 4, 2026 [Docket No. 61] (the "**Interim Order**")) (the "**Final Cap**"), in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date. The amounts set forth in the Motion for each category of Trade Claims are estimates, and the Debtors may, in their business judgment, pay more or less than the estimated amount for any category; provided that the aggregate amount paid under the Interim Order and this Order shall not exceed the Final Cap. Nothing in this paragraph shall be construed as requiring the Debtors to make a payment to a particular creditor or claimant. Notwithstanding anything to the contrary herein, no payment shall be made under this Order on account of any prepetition claim of the Franchisor or any of its

affiliates, in any capacity, or of any insider (as defined in section 101(31) of the Bankruptcy Code).

3. The Debtors shall not pay any Trade Claim under this Order (other than a PACA/PASA Claim) unless the applicable Trade Claimant has first agreed in writing, which agreement may be made by e-mail, to supply goods or services to the Debtors on Customary Trade Terms (or such other terms as the Debtors, in their reasonable business judgment and in consultation with the Prepetition Agent, the DIP Lender, and the Committee, may agree with such Trade Claimant in writing) during the pendency of these Cases and to be bound by the terms of this Order (each such agreement, a "**Trade Agreement**"). The Debtors shall provide a copy of this Order to the applicable party no later than such party's entry into a Trade Agreement. Any party that accepts payment from the Debtors on account of a Trade Claim pursuant to a Trade Agreement shall be deemed to have waived, to the extent of any amount paid pursuant to such Trade Agreement, any and all prepetition claims against the Debtors on account of the Trade Claim so paid. Payment of any Trade Claim under this Order (other than a PACA/PASA Claim) is conditioned on the Trade Claimant continuing to supply goods or services to the Debtors on Customary Trade Terms during the pendency of these Cases (or such other terms as are set forth in the applicable Trade Agreement), provided that the Debtors comply with the Customary Trade Terms and the terms set forth in the applicable Trade Agreement.

4. If any Trade Claimant accepts payment on account of a Trade Claim and thereafter does not continue to provide goods or services to the Debtors in accordance with its Trade Agreement (provided that any such Trade Claimant shall be provided a reasonable opportunity to contest whether (i) it continued to provide goods or services to the Debtors in

accordance with its Trade Agreement and (ii) the Debtors complied with the terms of the Trade Agreement), five (5) days after receipt by the Trade Claimant of a notice of non-performance (which notice shall be sent simultaneously to counsel to the Committee) and if no objection with this Court has been filed, any such payment shall be deemed an unauthorized avoidable postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may either (a) recover from the Trade Claimant in cash or goods or (b) at the Debtors' option, apply against any outstanding administrative expense claim held by such Trade Claimant. Upon recovery by the Debtors of such payment, the prepetition claim of such Trade Claimant shall be reinstated as a prepetition claim in the amount so recovered as if the payment by the Debtors had not been made in the first instance, less the Debtors' reasonable and documented costs to recover such amounts. The Debtors and the Committee reserve the right to seek any other appropriate remedy.

5. In addition to any Trade Agreement, the Debtors are authorized, in their sole discretion, to require as a condition of payment of any Trade Claim that the applicable Trade Claimant (i) release any of the Debtors' goods in its possession, (ii) waive any right to assert a lien or trust interest on account of the paid claim of such Trade Claimant, and (iii) take whatever action is necessary to remove any such existing liens or trust interests at such Trade Claimant's sole cost and expense.

6. Notwithstanding anything to the contrary in this Order, the Motion, or its attachments, the priority status of a creditor's claim, including that of claims arising under section 503(b)(9) of the Bankruptcy Code, shall not be affected by whether such creditor enters into a Trade Agreement, or provides services or goods to the Debtors under Customary Trade Terms, or otherwise, unless provided in such Trade Agreement.

7. Nothing in this Order impairs the rights of holders of PACA/PASA Claims to enforce their rights under PACA or PASA, and the Debtors' rights to contest any asserted PACA/PASA Claim are reserved.

8. Nothing contained herein is or should be construed as: (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any other party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a promise to pay any claim, (v) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved), (vi) an approval, assumption, adoption, or rejection of any agreement, contract, program, policy, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code, (vii) a waiver of the obligation of any party in interest to file a proof of claim, or (viii) otherwise affecting the Debtors' or the estates' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the rights of the Debtors, the estates, the Committee, or any other party in interest to subsequently dispute such claim.

9. The banks on which checks are drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

10. The Debtors are authorized, but not directed, in their discretion and in consultation with the Prepetition Agent, the DIP Lender, and the Committee, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests made in payment of the prepetition obligations approved herein that are dishonored as a consequence of these Cases with respect to prepetition amounts owed in connection with any prepetition claims of the Trade Claimants.

11. The Debtors shall maintain a matrix/schedule (the "**Vendor Matrix**") of payments made pursuant to this Order, including the following information: (a) the names of the payee(s); (b) the amount of the payment; (c) the category or type of payment; (d) the Debtor or Debtors that made the payment; (e) the payment date; (f) the number of Trade Claims that have been paid; and (g) the aggregate dollar amount paid on behalf of those Trade Claims. The Debtors shall provide a copy of the Vendor Matrix on a confidential and professionals' eyes only basis to the U.S. Trustee, counsel to the Prepetition Agent, the DIP Lender and its counsel, and counsel to the Committee on a bi-weekly basis beginning upon entry of this Order, until the earlier of the closing, dismissal, or conversion of these Cases.

12. The Debtors shall provide copies of any Trade Agreements entered into with Trade Claimants on a confidential and professionals' eyes only basis to the Committee on a bi-weekly basis in the same delivery as the Vendor Matrix.

13. Notice of the Motion as provided therein is good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding anything to the contrary herein, any payment made or action taken by the Debtors pursuant to this Order shall be subject to and in compliance with any

interim or final order authorizing the Debtors' use of cash collateral or postpetition financing (the "**DIP Order**") and any approved budget thereunder. To the extent of any conflict between this Order and the DIP Order, the DIP Order shall control. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; and (ii) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order.

15. The Debtors are authorized to take any and all actions necessary or appropriate to implement this Order.

16. The Court retains jurisdiction and power with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: November 23rd, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**