**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CERCA TROVA RESTAURANT GROUP HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-11749 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 17 and 156** |

**NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL ASSETS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On the Petition Date, Cerca Trova Restaurant Group Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), filed with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a motion [Docket No. 17] (the "**Motion**") seeking entry of (a) an order (the "**Bidding Procedures Order**") (i) approving bidding procedures (the "**Bidding Procedures**")[2] to be used in connection with the sale of substantially all of the Debtors' assets relating to the Restaurants, other than the Excluded Assets (the "**Assets**"), under section 363 of the Bankruptcy Code (the "**Sale Transaction**"); (ii) authorizing the Debtors' entry into the Stalking Horse Agreement (substantially in the form attached to the Motion as Exhibit B) with Outback Steakhouse of Florida, LLC (together with any permitted assignee under section 12.4 of the Stalking Horse Agreement, the "**Stalking Horse Bidder**") and approving the Bid Protections; (iii) scheduling (A) an auction of the Assets (the "**Auction**") on December 11, 2026 at 10:00 a.m. (prevailing Pacific Time) and (B) a final hearing to consider approval of the Sale Transaction (the "**Sale Hearing**") on December 17, 2026 at 9:30 a.m. (prevailing Eastern Time); (iv) approving the form and manner of notice of the Bidding Procedures, the Auction and the Sale Hearing; (v) approving procedures (the "**Assumption and Assignment Procedures**") for the assumption and assignment of executory contracts and unexpired leases (collectively, the "**Contracts**") and the form and manner of notice to each relevant non-debtor counterparty to a Contract of the Debtors'

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Cerca Trova Restaurant Group Holdings, Inc. (5725); Out West Restaurant Group, Inc. (0849); Cerca Trova Steakhouse, Inc. (8902); Cerca Trova Steakhouse, L.P. (2006); and Cerca Trova Southwest Restaurant Group, LLC (8835). The Debtors' mailing address is 8885 Rio San Diego Drive, Suite 360, San Diego, California 92108.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion or the Bidding Procedures, as applicable. Any summary of the Bidding Procedures or the Bidding Procedures Order (or any provision thereof) contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any inconsistency between any summary in this Cure Notice and the terms and conditions of either of the Bidding Procedures or the Bidding Procedures Order, the actual terms and conditions in those documents shall control.

calculation of the amount necessary to cure any defaults under an applicable Contract and certain other information regarding the potential assumption and assignment of Contracts in connection with the Sale Transaction; and (vi) granting related relief; and (b) an order (the "**Sale Order**") (i) authorizing the Sale Transaction free and clear of all liens, claims, interests and encumbrances, other than Assumed Liabilities and Permitted Encumbrances (each as defined in the applicable purchase agreement), with liens to attach to the proceeds of the Sale Transaction; (ii) authorizing the assumption and assignment of certain Contracts in connection with the Sale Transaction; and (iii) granting related relief.

On November 23, 2026, the Court entered the Bidding Procedures Order [Docket No. 156].

**You are receiving this Notice because you may be a counterparty to a Contract of the Debtors that may be assumed and assigned to a Successful Bidder in connection with the Sale Transaction. Your Contract may be listed as a Contract that may be assumed and assigned to the Stalking Horse Bidder or another Successful Bidder.**

## CURE COSTS

In accordance with the Assumption and Assignment Procedures and the Bidding Procedures Order, the Debtors may, in connection with the Sale Transaction with the Successful Bidder, seek to assume and assign to the Successful Bidder certain of their Contracts (each, a "**Potential Assigned Contract**"). Each of the Potential Assigned Contracts that potentially could be assumed and assigned in connection with the Sale Transaction, together with the Debtors' good faith calculation of the amount necessary to cure all monetary defaults under each such Contract (the "**Cure Costs**"), is set forth on Schedule 1 hereto. The inclusion of any Contract on Schedule 1 does not constitute an admission by the Debtors, the Stalking Horse Bidder, any Successful Bidder or any other party that such Contract is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code, that any stated Cure Cost constitutes a claim against the Debtors or a right against the Stalking Horse Bidder or any other Successful Bidder, or require or guarantee that such Contract ultimately will be assumed or assigned. All rights of the Debtors with respect thereto are reserved. Cure Costs will be paid by the Debtors or the Successful Bidder, as provided in the applicable purchase agreement and the Sale Order.

In addition, to the extent that any of the Cure Costs set forth on Schedule 1 do not reflect (i) postpetition payments that have been made by the Debtors with respect to applicable Cure Costs or (ii) any payments that are made by the Debtors with respect to such Cure Costs after the filing of this Notice, the respective amounts required to be paid to cure any existing defaults under the applicable Contracts shall be reduced by any such corresponding postpetition payments, and the Debtors reserve their rights to update the Cure Costs set forth on Schedule 1 accordingly, either by filing a supplemental notice with the Court or by written notice to the applicable counterparty.

## CURE OBJECTIONS

### A. Cure Objection Deadline

Any counterparty to a Potential Assigned Contract that wishes to object to (i) the Debtors' proposed Cure Costs (each such objection, a "**Cure Objection**") or (ii) the proposed assumption

and assignment of its Potential Assigned Contract to the Stalking Horse Bidder, including the adequate assurance of future performance by the Stalking Horse Bidder (each such objection, an "**Assignment Objection**"), must file with the Court and serve on the Objection Notice Parties[3] so as to be actually received no later than **December 10, 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "**Cure Objection Deadline**"). Each Cure Objection and Assignment Objection must be in writing and state, with specificity, the legal and factual bases thereof, and, in the case of a Cure Objection, the amount the counterparty believes to be the correct Cure Costs, and include any appropriate documentation in support thereof. The "**Objection Notice Parties**" are: (i) counsel to the Debtors, (a) KTBS Law LLP, 1801 Century Park East, Twenty-Sixth Floor, Los Angeles, California 90067, Attn: Nir Maoz (nmaoz@ktbslaw.com), and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Bradford J. Sandler and Peter J. Keane (bsandler@pszjlaw.com; pkeane@pszjlaw.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda J. Casey (Linda.Casey@usdoj.gov); (iii) counsel to the Prepetition Agent, (a) Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603, Attn: Danielle Juhle and Drake Saffell (danielle.juhle@goldbergkohn.com; drake.saffell@goldbergkohn.com), and (b) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801, Attn: John H. Knight (knight@rlf.com); (iv) counsel to the Stalking Horse Bidder and DIP Lender, BakerHostetler, 127 Public Square, Suite 2000, Cleveland, Ohio 44114-1214, Attn: Michael A. VanNiel, Alexis C. Beachdell, and Janet Spreen (mvanniel@bakerlaw.com; abeachdell@bakerlaw.com; jspreen@bakerlaw.com); and (v) counsel to the official committee of unsecured creditors appointed in these Chapter 11 Cases, Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, New York 10020, Attn: Gianfranco Finizio (GFinizio@lowenstein.com) and David M. Posner (DPosner@lowenstein.com).

**B. <u>Resolution of Cure Objections and Assignment Objections</u>**

Pursuant to the Bidding Procedures Order, the Debtors and the objecting counterparty, in consultation with the Successful Bidder, may resolve any timely Cure Objection or Assignment Objection without further order of the Court. Any such objection that is not resolved prior to the Sale Hearing shall be heard at the Sale Hearing or at such later date as the Debtors (in consultation with the Successful Bidder) and the counterparty may agree or the Court may order. The Successful

[3] "Objection Notice Parties" means: (i) counsel to the Debtors, KTBS Law LLP, 1801 Century Park East, Twenty-Sixth Floor, Los Angeles, CA 90067 (Attn: Nir Maoz (nmaoz@ktbslaw.com)), and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Bradford J. Sandler and Peter J. Keane (bsandler@pszjlaw.com; pkeane@pszjlaw.com)); (ii) the U.S. Trustee, Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Linda J. Casey (Linda.Casey@usdoj.gov)); (iii) counsel to the Prepetition Agent, Goldberg Kohn Ltd., 55 East Monroe Street, Suite 3300, Chicago, IL 60603 (Attn: Danielle Juhle and Drake Saffell (danielle.juhle@goldbergkohn.com; drake.saffell@goldbergkohn.com)), and Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, DE 19801 (Attn: John H. Knight (Knight@RLF.com)); (iv) counsel to the Stalking Horse Bidder and DIP Lender, BakerHostetler, 127 Public Square, Suite 2000, Cleveland, OH 44114-1214 (Attn: Michael A. VanNiel, Alexis C. Beachdell and Janet Spreen (mvanniel@bakerlaw.com; abeachdell@bakerlaw.com; jspreen@bakerlaw.com)); and (v) counsel to the Committee, Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, New York 10020, Attn: Gianfranco Finizio (GFinizio@lowenstein.com) and David M. Posner (DPosner@lowenstein.com).

Bidder may elect to remove any Potential Assigned Contract from its list of Designated Contracts in accordance with its purchase agreement.

**C. <u>Assignment in the Event of a Cure Dispute</u>**

Pending resolution of a Cure Objection, the applicable Potential Assigned Contract may be assumed and assigned to the Successful Bidder, provided that the disputed portion of the asserted cure amount is reserved pending consensual resolution or order of the Court.

**IF A COUNTERPARTY FAILS TO FILE WITH THE COURT AND SERVE ON THE OBJECTION NOTICE PARTIES A TIMELY CURE OBJECTION, ASSIGNMENT OBJECTION OR SUPPLEMENTAL OBJECTION (AS DEFINED BELOW), AS APPLICABLE, (A) THE COUNTERPARTY SHALL BE DEEMED TO HAVE CONSENTED TO THE ASSUMPTION AND ASSIGNMENT OF ITS POTENTIAL ASSIGNED CONTRACT TO THE SUCCESSFUL BIDDER, IF DESIGNATED AS A DESIGNATED CONTRACT, NOTWITHSTANDING ANY ANTI-ASSIGNMENT OR SIMILAR PROVISION THEREIN, AND SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD THERETO; AND (B) THE CURE COSTS SET FORTH ON SCHEDULE 1 HERETO SHALL BE CONTROLLING AND BINDING, NOTWITHSTANDING ANYTHING TO THE CONTRARY IN SUCH POTENTIAL ASSIGNED CONTRACT OR ANY OTHER DOCUMENT, AND SUCH COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING AGAINST THE DEBTORS, THEIR ESTATES OR THE SUCCESSFUL BIDDER, OR THE PROPERTY OF ANY OF THEM, ANY ADDITIONAL CURE AMOUNT OR ANY OTHER DEFAULT OR CLAIM ARISING UNDER SUCH POTENTIAL ASSIGNED CONTRACT PRIOR TO THE ASSIGNMENT THEREOF.**

## NOTICE OF AUCTION RESULTS

The Auction, if required, will be conducted on December 11, 2026 at 10:00 a.m. (prevailing Pacific Time), either (i) at the offices of KTBS Law LLP, 1801 Century Park East, Twenty-Sixth Floor, Los Angeles, California 90067, or (ii) virtually by video conference or at such other date, time or location as designated by the Debtors, after consultation with the Consultation Parties. If the Debtors conduct the Auction virtually, the Debtors will provide instructions setting forth how to attend the Auction to the participants and other attendees via electronic mail. The Debtors will provide notice (via electronic mail or otherwise) of any change in the date, time or location of the Auction to Qualified Bidders and will cause publication of such change on the website maintained by Stretto, Inc. ("**Stretto**"), the Debtors' claims and noticing agent in these Chapter 11 Cases, located at https://cases.stretto.com/OutWest (the "**Stretto Website**").

Within one (1) business day after the conclusion of the Auction, the Debtors will file with the Court, serve on the counterparties to the Designated Contracts of the Successful Bidder and the Back-Up Bidder and cause to be published on the Stretto Website the Notice of Successful Bidder, which will, among other things, identify the Successful Bidder and the Back-Up Bidder, if any, and include the applicable Adequate Assurance Information (to the extent not previously provided). If you would like to be served with the Notice of Successful Bidder via email, please provide notice of such request by emailing Stretto at TeamOutWest@stretto.com.

## ADEQUATE ASSURANCE OBJECTIONS

**A. <u>Adequate Assurance Objection Deadline</u>**

Any counterparty to a Potential Assigned Contract that wishes to object to the proposed assumption and assignment of a Potential Assigned Contract on the basis of the Stalking Horse Bidder's proposed form of adequate assurance of future performance must file such objection as an Assignment Objection by the Cure Objection Deadline. Any objection to the adequate assurance of future performance by a Successful Bidder other than the Stalking Horse Bidder (each, a "**Supplemental Objection**") must be filed with the Court and served on the Objection Notice Parties so as to be actually received no later than the commencement of the Sale Hearing (the "**Supplemental Objection Deadline**").

Following service of this Notice, and upon the written request of a counterparty to the Debtors' counsel, the Debtors shall provide such counterparty with the Stalking Horse Bidder's adequate assurance information on a confidential basis. Requests should be directed to Nir Maoz at nmaoz@ktbslaw.com. The Debtors are authorized to provide the Adequate Assurance Information submitted by any Qualified Bidder whose Bid includes a counterparty's Potential Assigned Contract to such counterparty, on a confidential basis, within one (1) business day after the Debtors' receipt thereof.

## SUPPLEMENTAL CURE NOTICES AND DESIGNATION NOTICE

If, at any time after service of this Notice, the Debtors (i) identify additional Potential Assigned Contracts, (ii) remove any Potential Assigned Contract or (iii) modify the Cure Costs for any Potential Assigned Contract, the Debtors shall promptly file and serve a supplemental Cure Notice (a "**Supplemental Cure Notice**") on each affected counterparty and its counsel of record, if known. Each counterparty to a Potential Assigned Contract identified for the first time in, or whose Cure Costs are reduced by, a Supplemental Cure Notice shall have not less than seven (7) business days after service of such Supplemental Cure Notice to file and serve a Cure Objection or Assignment Objection, limited to the matters first set forth in the Supplemental Cure Notice.

No later than three (3) business days prior to the closing of the Sale Transaction, the Debtors shall file and serve on each counterparty to a Potential Assigned Contract a notice (the "**Designation Notice**") identifying the Potential Assigned Contracts designated as Designated Contracts by the Successful Bidder as of such date and the identity of the assignee of each. If the Successful Bidder intends to designate any person other than itself as the assignee of any Designated Contract, the Successful Bidder shall identify such designee, and the Debtors shall make such designee's Adequate Assurance Information available to the applicable counterparty, no later than December 8, 2026. Any counterparty whose Potential Assigned Contract is proposed to be assigned to a designee identified after such date may file and serve, within seven (7) business days after service of notice identifying such designee, a Supplemental Objection limited to the adequate assurance of future performance by such designee.

The inclusion of a Contract on this Notice or any Supplemental Cure Notice shall not (a) obligate the Debtors to assume or assign such Contract, (b) obligate the Stalking Horse Bidder or any other Successful Bidder to designate such Contract as a Designated Contract or (c) constitute

an admission or agreement of the Debtors that such Contract is executory or unexpired, as applicable. No Potential Assigned Contract shall be deemed assumed and assigned pursuant to section 365 of the Bankruptcy Code until the later of (i) entry of an order of the Court authorizing such assumption and assignment and (ii) the closing of the Sale Transaction. Only those Potential Assigned Contracts that are designated as Designated Contracts under the definitive purchase agreement of the Successful Bidder, as approved by the Sale Order, will be assumed and assigned.

**SALE HEARING**

The Sale Hearing shall take place on December 17, 2026, at 9:30 a.m. (prevailing Eastern Time) before the Honorable Judge Goldblatt, United States Bankruptcy Judge, at the Court, located at 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, Delaware 19801.

**ADDITIONAL INFORMATION**

Copies of the Motion, the Bidding Procedures Order and the Bidding Procedures may be obtained free of charge by visiting the Stretto Website.